1   JACOB M. HEATH (SBN 238959)
jheath@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
3   Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
4   Facsimile:     +1 650 614 7401

5   THOMAS FU (SBN 325209)
tfu@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
7   Los Angeles, CA  90017-5855
Telephone:     +1 213 629 2020
8   Facsimile:     +1 213 612 2499

9   ARAVIND SWAMINATHAN (admitted *pro hac vice*)
aswaminathan@orrick.com
10  NICOLE M. TADANO (admitted *pro hac vice*)
ntadano@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
12  Seattle, WA  98104-7097
Telephone:     +1 206 839 4300
13  Facsimile:     +1 206 839 4301

14  Attorneys for Defendants,
Shopify Inc. and Shopify (USA) Inc.

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18

19  Brandon Briskin, on behalf of          Case No. 4:21-cv-06269
    himself and those similarly situated,
20                                         **DEFENDANT SHOPIFY (USA) INC.'S**
                     Plaintiffs,           **MOTION TO DISMISS PLAINTIFF'S**
21                                         **FIRST AMENDED CLASS ACTION**
            v.                             **COMPLAINT**
22
    Shopify Inc. and Shopify (USA) Inc.,   Date:      February 3, 2022
23                                         Time:      1:30 p.m.
                     Defendants.           Location:  Courtroom 3, 3rd Floor
24                                                    1301 Clay Street
                                                      Oakland, California
25
                                           Judge:     The Honorable Phyllis J.
26                                                    Hamilton

27

28
                                                    SHOPIFY USA'S MOTION TO DISMISS
                                                    CASE NO. 4:21-cv-06269

**NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on February 3, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 (3rd Floor) of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, defendant Shopify (USA) Inc. ("Shopify USA") will, and hereby does, move the Court under Federal Rules of Civil Procedure 8, 12(b)(2) and 12(b)(6) for an order dismissing the First Amended Class Action Complaint ("FAC") (ECF No. 17) of Plaintiff Brandon Briskin.  This motion is based on this notice, the concurrently filed memorandum of points and authorities, and all other facts the court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(B)(3)).**  Shopify USA seeks an Order pursuant to Federal Rule of Civil Procedure 8(a)(2) for failure to provide adequate notice of the claims against it, or in the alternative, pursuant to Federal Rule 12(b)(2) for lack of personal jurisdiction, or in the further alternative, Federal Rule of Civil Procedure 12(b)(6) dismissing the FAC for failure to state a claim upon which relief can be granted.


Dated: December 8, 2021                           ORRICK, HERRINGTON & SUTCLIFFE LLP



                                                  By: */s/ Jacob M. Heath*
                                                  _____
                                                      JACOB M. HEATH
                                                        THOMAS FU
                                                    Attorneys for Defendants
                                                  Shopify (USA), Inc. and Shopify Inc.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION TO DISMISS   …………………………………………………1

I.   STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) ....................- 2 -

II.   SUMMARY OF RELEVANT FACTS ........................................................................- 2 -

III.   LEGAL STANDARD ................................................................................................- 6 -

IV.   LEGAL ARGUMENT ...............................................................................................- 7 -

    A.   The FAC Fails Under Rule 8 Because It Fails to Distinguish Among Defendants...............................................................................................................- 7 -

    B.   This Court Lacks Jurisdiction Over Shopify USA................................................- 8 -

        1.   *This Court lacks general jurisdiction over Shopify USA.* ........................- 8 -

        2.   *This Court lacks specific jurisdiction over Shopify USA.* .......................- 9 -

    C.   The FAC Fails to State a Claim Against Shopify USA. .....................................- 9 -

        1.   *The FAC fails to state any claim because it pleads facts showing that Plaintiff consented to any data collection.*....................................- 10 -

        2.   *The FAC fails to state an eavesdropping claim under Penal Code Section 631(a).* ..................................................................................- 10 -

            a.   The FAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify USA was a third party to Plaintiff's communications. .............- 11 -

            b.   The FAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line...........................................................................................- 11 -

            c.   The FAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify USA read the "contents" of any message...................- 11 -

        3.   *The FAC fails to state a claim under Penal Code Section 635.* ............- 11 -

            a.   The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act. ...........................................................................................- 12 -

            b.   The Section 635 claim fails because the FAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping...................................- 12 -

4. *The FAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.* .............................................................- 12 -

5. *The FAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify USA accessed Plaintiff's iPhone "without permission."* ............................................- 13 -

6. *The FAC fails to state a claim under the UCL.* ...................................- 13 -

    a. The FAC fails to state a claim for an "unlawful" practice. .......- 13 -

    b. The FAC fails to state a claim for a "fraudulent" practice........- 14 -

    c. The FAC fails to state a claim for an "unfair" practice.............- 14 -

7. *The FAC fails to state a claim for right of publicity.* ............................- 14 -

V. CONCLUSION ........................................................................................- 15 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v Blue Source Grp., Inc.*,
125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................. 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................ 7

*Austin v. Budget Rental Car, Inc.*,
2020 WL 8614183 (N.D. Cal. 2020) .................................................................... 7

*Baton v. Ledger*,
2021 WL 5226315 (N.D. Cal. 2021) ................................................................. 8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................ 7

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) ........................................................................................... 8

*Bravo v. Cnty. of San Diego*,
2014 WL 555195 (N.D. Cal. 2014) ................................................................... 6, 7

*Caces-Tiamson v. Equifax*,
2020 WL 1322889 (N.D. Cal. 2020) .................................................................... 9

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) .............................................................................. 9

*Foley v. Bates*,
2007 WL 1831133 (N.D. Cal. 2007) .................................................................... 8

*Gen-Probe, Inc. v. Amoco Corp.*,
926 F. Supp. 948 (S.D. Cal. 1996) ....................................................................... 7

*In re Google Assistant Privacy Litig.*,
2020 WL 2219022 ........................................................................................... 10, 11

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .............................................................................. 2

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) .............................................................................. 8

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) .............................................................................. 7

*Pestmaster Franchise Network, Inc. v. Mata*,
  2017 WL 1956927 (N.D. Cal. 2017)................................................................ 8

*Stewart v. Screen Gems-EMI Music, Inc.*,
  81 F. Supp. 3d 938 (N.D. Cal. 2015) ............................................................. 7

*Silver* v. *Stripe Inc.*,
  2021 WL 3191752 (N.D. Cal. 2021)............................................................... 13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006)......................................................................... 8

**Statutes**

Cal. Bus. & Prof. Code § 1427 ............................................................................ 13

Cal. Bus. & Prof. Code § 17200 .......................................................................... 13

Cal. Bus. & Prof. Code § 22575 .......................................................................... 13

Cal. Civ. Code § 3344 ......................................................................................... 13

Cal. Penal Code § 502 ............................................................................... 1, 10, 13

Cal. Penal Code § 631 ............................................................................... 1, 10, 11

Cal. Penal Code § 635 .................................................................................. *passim*

Cal. Penal Code § 637 ........................................................................................ 13

**Rules**

Fed. R. Civ. P. 8 ....................................................................................... 1, 2, 6, 7

Fed. R. Civ. P. 12(b)(2).............................................................................. 2, 7

Fed. R. Civ. P. 12(b)(6)........................................................................... 1, 2, 7, 9

**Other Authorities**

https://www.iambecoming.com/4572025/checkouts/
  5a9f0424b4812fc7195441a3ff49d5b1 ............................................................ 3

https://www.iambecoming.com/4572025/checkouts/
  5a9f0424b4812fc7195441a3ff49d5b1?previous_step=shipping_method&
  step=payment_method ...................................................................................... 4

https://www.iambecoming.com/4572025/checkouts/
  5a9f0424b4812fc7195441a3ff49d5b1?previous_step=contact_information&
  step=shipping_method ...................................................................................... 4

As explained in detail in Shopify Inc.'s MTD Brief, Plaintiff's First Amended Complaint ("FAC") alleges that routine processing of commercial transactions on the internet constitutes several crimes.  When a customer pays with a credit card—whether in a physical store or online—the payment information is typically sent to a payment processor (not processed by the merchant), and then in turn to other entities.  The FAC asserts, however, that because Plaintiff's credit card information for an online transaction was transmitted to Shopify Inc. (not Shopify (USA) Inc. ("Shopify USA")) for processing, rather than directly to the merchant who sold him athletic apparel, that processing violated California's Constitution, various statutes, and the common law.  What, if any, role Shopify USA played in that allegedly criminal scheme, the FAC does not say.

Those claims fail for at least four reasons.  First, the FAC fails to distinguish between—and hence to provide adequate notice to—the separate entities Shopify Inc. and Shopify USA.  Second, this Court lacks personal jurisdiction over Shopify USA.  Third, for the reasons explained in Shopify Inc.'s MTD Brief,[1] Plaintiff's consent to the complained-of acts is fatal to all of his claims as pled.  Despite his protestations that he was wholly unaware that his information would be transmitted to Shopify Inc., the webpages the FAC features prominently disclose that fact.  And fourth, again as detailed in Shopify Inc.'s MTD brief, each claim independently fails to state a claim for relief on the merits:  **Penal Code § 631** does not apply, because the FAC does not allege that Shopify USA "taps" or learns the "contents" of any communication, but that it processes purely transactional data for its merchants at their request.  **Penal Code § 635** does not apply, because the FAC does not allege that Shopify USA manufactured a "device" "primarily" for eavesdropping, but rather software to conduct lawful sales transactions.  No **right to privacy** is at issue here because the FAC does not allege an "egregious breach of the social norms," but rather standard commercial transactions.  **Penal Code § 502** does not apply, because the FAC does not allege that Shopify USA overcame any code-based barrier to access a computer, but rather that it used routine

---

[1] Because the FAC's allegations fail to differentiate between Shopify Inc. and Shopify USA as required by Rule 8, *see infra* § IV.A, this motion treats its references to "Shopify" as "Shopify USA" solely where necessary for the purpose of this motion to explain why the FAC fails under Rule 12(b)(6).  Shopify Inc.'s and Shopify USA's arguments under Rules 8 and 12(b)(6) therefore mirror one another, and dismissal under either rule as to one entity necessitates dismissal as to the other.  *See infra* § IV.C; *see also* Shopify Inc. MTD Br. § IV.C.

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-CV-06269

cookies that are fully disclosed and easily prevented or deleted by those who wish to do so.  The **Unfair Competition Law** does not apply for similar reasons: the FAC alleges only standard commercial transactions, the details of which are disclosed to the consumer in full, which are not unlawful, unfair, or fraudulent.  And the **right of publicity** is not implicated, because the FAC fails to allege that Shopify USA makes use of Plaintiff's name or likeness.  The FAC should be dismissed.

## I.      STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))

Shopify USA seeks Rule 8 dismissal for failure to plead facts showing that Shopify USA caused Plaintiff's alleged harm, Rule 12(b)(2) dismissal for lack of personal jurisdiction, and Rule 12(b)(6) dismissal for failure to state a claim.

## II.     SUMMARY OF RELEVANT FACTS

The FAC alleges that in June 2019, Plaintiff purchased fitness apparel from Shopify Inc. merchant IABMFG through its website.  FAC ¶ 50.  In the course of that purchase, the FAC alleges Plaintiff was presented with the checkout screen reproduced at FAC ¶ 21 (**Fig. 1**).  FAC ¶ 51.  In providing these reproductions of IABMFG's current website, the FAC incorporates those webpages by reference, and the Court is permitted to consider their full context.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-cv-06269

The image at FAC ¶ 21 is cropped so as to omit the portion of the screen below the "Continue to shipping" and "Return to cart" buttons, which presents shoppers with links to IABMFG's Refund Policy, Privacy Policy, and Terms of Service (**Fig. 2**). *See* Heath Decl., Ex. A (red box added).[2]



**Figure 1**                                             **Figure 2**

The same pages from which the FAC provides screenshots demonstrates that, in the course of checking out, consumers are provided with other links to IABMFG's Privacy Policy as well. For instance, the FAC alleges that after completing the above checkout screen (**Fig. 1**), Plaintiff was "required to provide his private information in order to complete the checkout process," FAC ¶ 52, on a screen like the one below (**Fig. 3**), FAC ¶ 24. As above, the full version of that screen (**Fig. 4**) includes a link to IABMFG's Privacy Policy. *See* Heath Decl., Ex. B (red box added).[3]

---

[2] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff49d5b1.

[3] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff49d5b1?previous_step=shipping_method&step=payment_method.

**Figure 3**                    **Figure 4**

When selecting the method for shipping his purchases, there too IABMFG's website presents a link to the Privacy Policy. (**Fig. 5**).  *See* Heath Decl., Ex. C (red box added).[4]



**Figure 5**

In short, the website the FAC relies upon links to IABMFG's Privacy Policy for consumers at least three times (*see* **Figs. 2, 4, 5**) in the course of checkout, each situated in a distinct blue color,

---

[4] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff4 9d5b1?previous_step=contact_information&step=shipping_method

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-cv-06269

just under the buttons that Plaintiff was required to click on in order to advance with his purchase. Despite providing and relying on these screenshots and incorporating the webpages by reference, the FAC alleges "on information and belief" that "[a]t some point . . . after Plaintiff's transaction with IABMFG—the company modified its website" and that "Plaintiff never saw" the links to the Privacy Policy that clearly appear on the uncropped pages imaged in the FAC.  FAC ¶ 54.

IABMFG's Privacy Policy linked on the pages the FAC provides in cropped form discloses (among other things) that IABMFG's online store is "hosted on Shopify Inc.," an "e-commerce platform that allows [merchants] to sell [their] products and services" online."  Indeed, the Privacy Policy has an entire section dedicated to Shopify Inc. and its role, where it explains that a consumer's data is "stored through Shopify [Inc.]'s data storage, databases, and the general Shopify application," and that if a customer chooses certain payment methods, Shopify Inc. will "store[] [the consumer's] credit card data" for "only as long as is necessary to complete [the] purchase transaction," at which point the "purchase transaction information is deleted."  IABMFG's Privacy Policy further directs readers to Shopify Inc.'s own Terms of Service and Privacy Statement in case they have additional questions about Shopify Inc.'s involvement, Heath Decl., Ex. D (emphasis added):

> **SECTION 4 - SHOPIFY**
> **Our store is hosted on Shopify Inc.** They provide us with the online e-commerce platform that allows us to sell our products and services to you.
> **Your data is stored through Shopify's data storage, databases, and the general Shopify application**. They store your data on a secure server behind a firewall.
>
> Payment:
> **If you choose a direct payment gateway to complete your purchase, then Shopify stores your credit card data**. It is encrypted through the Payment Card Industry Data Security Standard (PCI-DSS). **Your purchase transaction data is stored only as long as is necessary to complete your purchase transaction. After that is complete, your purchase transaction information is deleted.**
> All direct payment gateways adhere to the standards set by PCI-DSS as managed by the PCI Security Standards Council, which is a joint effort of brands like Visa, MasterCard, American Express and Discover.
> PCI-DSS requirements help ensure the secure handling of credit card information by our store and its service providers.
> **For more insight, you may also want to read Shopify's Terms of Service (https://www.shopify.com/legal/terms) or Privacy Statement (https://www.shopify.com/legal/privacy)**.

Shopify Inc.'s own Privacy Statement, in turn, contains more detailed disclosures about

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-cv-06269

what data it processes and how.  It included a plainly worded explanation of how Shopify Inc. handled consumer data, covering topics including: "[w]hy we process your information," "[w]here we send your information," "[y]our rights over your information," and "[h]ow we use 'cookies' and other tracking technologies."  Heath Decl., Ex. E.  This last category includes a link to Shopify Inc.'s Cookie Policy, which provided more detail on every cookie that Shopify Inc. used, including name, function, and duration.  Heath Decl., Ex. F.  Shopify USA's role is not disclosed because Shopify USA is not responsible for handling customer data.  Heath Decl., Ex. H ¶ 6.

The FAC nevertheless claims that Plaintiff "was not aware" that when he "submitted the form containing his private information to complete the checkout process, his private information was sent to Shopify[] [Inc.]'s computer network, where it was stored, analyzed, and processed." FAC ¶ 53.  The FAC also asserts that Plaintiff "was not aware" that Shopify Inc. would "install[] a tracking cookie … on his smartphone."  *Id.*  The FAC alleges that "[h]ad [Plaintiff] known that Shopify [Inc.] would collect, store, and analyze his private information," he "would not have purchased products from IABMFG."  FAC ¶ 57.  In acknowledging the presence of disclosures of Shopify's involvement, the FAC claims that, nevertheless, "Plaintiff never saw nor agreed" to those "privacy disclosures on the IABMFG website."  FAC ¶ 54.

The FAC does not allege Shopify USA ever received any of Plaintiff's data (nor could it, *see* Heath Decl., Ex. H ¶ 6).  Nevertheless, on these bases, Plaintiff filed this lawsuit accusing Shopify USA and Shopify Inc. of committing crimes and torts for processing his purchase information and utilizing routine cookies in exactly the manner those disclosures said it would.

## III.   LEGAL STANDARD

A motion to dismiss under Rule 8 is decided solely on the face of the complaint.  A complaint survives such a motion only if it provides each "defendant[] fair notice of the claims against [it]." *Bravo v. Cnty. of San Diego*, 2014 WL 555195, at *2 (N.D. Cal. 2014).  "[L]umping together multiple defendants in one broad allegation fails to satisfy [this] notice requirement."  *Id.*

A motion to dismiss under Rule 12(b)(2) is not limited to the pleadings and "may consider extrinsic evidence … including affidavits submitted by the parties."  *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015).  The plaintiff bears the burden of establishing

personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) is resolved solely on the face of the complaint. To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements" of claims will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.    LEGAL ARGUMENT

### A.    The FAC Fails Under Rule 8 Because It Fails to Distinguish Among Defendants.

Plaintiff's claims should be dismissed because the FAC fails to provide either Shopify Inc. or Shopify USA with sufficient notice as to the claims against each entity. Rule 8 requires a plaintiff to "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Adobe Sys. Inc. v Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). "When defendants are separate corporate entities[] and perform separate roles," pleading as to defendants as a collective generally "is insufficient." *Austin v. Budget Rental Car, Inc.*, 2020 WL 8614183, at *2 (N.D. Cal. 2020). The FAC, however, treats Shopify Inc. and Shopify USA—two distinct legal entities—as one and the same, lumping the two companies together with a single defined term of "Shopify." FAC at 2. The FAC then generally avers various "Shopify" actions or omissions without specifying "which defendant[] engaged in what activity," *Bravo*, 2014 WL 555195, at *2. *See, e.g.*, FAC ¶¶ 1-7. Indeed, on some points, the FAC does not even distinguish between Defendants and non-party Stripe, alleging merely that certain acts were undertaken by "Shopify and/or Stripe." FAC ¶ 34; *see also* FAC ¶ 55. That is exactly what a complaint may not do: "[L]umping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). Because "the complaint does not allege [Plaintiff's] specific claims against any specific defendant" but rather "generally alleges all claims against all defendants, without identifying which defendant is responsible for his alleged injuries," it fails to

1 put both "defendants fairly on notice of the claims against them" and "must be dismissed." *Foley*

2 *v. Bates*, 2007 WL 1831133, at *3 (N.D. Cal. 2007) (Hamilton, J.).

3    **B.    This Court Lacks Jurisdiction Over Shopify USA.**[5]

4        1.    *This Court lacks general jurisdiction over Shopify USA.*

5        The "paradigm forums" for general jurisdiction over a corporation are "the corporation's

6 place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct.

7 1549, 1558 (2017).   General jurisdiction outside of those forums is available "[o]nly in an

8 exceptional case," *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), where the

9 defendant's contacts are so "continuous and systematic" as to "'approximate physical presence' in

10 the forum state," *Pestmaster Franchise Network, Inc. v. Mata*, 2017 WL 1956927, at *2 (N.D. Cal.

11 2017).  Here, as Judge Chen recently recognized, there is no basis for asserting general jurisdiction

12 over Shopify USA under either theory.  *See Baton v. Ledger*, 2021 WL 5226315, at *3 (N.D. Cal.

13 2021) (dismissing Shopify USA for lack of jurisdiction).

14        As in *Baton*, the FAC here admits that California is not one of the "paradigm forums" where

15 general jurisdiction over Shopify USA is proper.  *See id.* at *3.  It concedes that Shopify USA is

16 incorporated not in California, but rather in "Delaware," and that its principal place of business is

17 in "Ottawa, Canada."  FAC ¶ 10.  Thus the "only remaining theory for the Court to assert general

18 jurisdiction is that this is 'an exceptional case'" where Shopify USA's "contacts are so continuous

19 and systematic as to approximate physical presence in California."  *Baton*, 2021 WL 5226315 at

20 *4.  But, as Judge Chen recently explained, there is no factual basis to support such a finding.  Here,

21 as in *Baton*, "Shopify USA entered evidence that it permanently closed its San Francisco office in

22 September 2020, that its corporate officers are located in Ontario, Canada and New York,

23 approximately three-quarters of its employees are located outside of California, and a vast majority

24 of its business activities are conducted outside of, and have no relationship to, California."  *Id.* at

25

26

27    ─────────────────
[5] "Because California's long-arm statute is co-extensive with federal due process requirements, the
28 jurisdictional analyses under state law and federal due process are the same." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-cv-06269

*4; *see also* Heath Decl., Ex. H ¶¶ 5-7.[6]  Accordingly, just as in *Baton*, there is no basis for asserting general jurisdiction over Shopify USA.

2.      *This Court lacks specific jurisdiction over Shopify USA.*

Specific jurisdiction exists only when (1) the defendant "purposefully direct[s] his activities" toward the state or its residents; and (2) the claim before the court "arises out of or relates to the defendant's forum-related activities."  *Caces-Tiamson v. Equifax*, 2020 WL 1322889, at *3 (N.D. Cal. 2020).  Here, the FAC fails to allege any facts to establish those prerequisites as to either Shopify USA.

To satisfy the requirements of specific jurisdiction, the FAC must plead facts showing an (1) "intentional act" on the part of Shopify USA "(2) expressly aimed at the forum state, (3) causing harm that [Shopify Inc.] knows is likely to be suffered in the forum state."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  But the FAC makes no allegations meeting the test.  Indeed, it does not allege any contacts that Shopify USA—as distinct from Shopify Inc.—supposedly had with California (other than the *incorrect* assertion that Shopify USA has a "domestic office in San Francisco," *see* Heath Decl., Ex. H ¶¶ 3-4).  *See also* Shopify Inc. MTD Br. § IV.B.2 (explaining that the FAC does not even allege facts sufficient to demonstrate specific jurisdiction over Shopify Inc.).  Nor does the FAC show that Plaintiff's claims arise out of those (unalleged) contacts—including the supposed "domestic office" in San Francisco.  That is unsurprising: Shopify USA is not responsible for handling customer data.  Heath Decl., Ex. H ¶ 6.  And so Shopify USA is legally irrelevant to Plaintiff's claims, all of which arise out of handling of such data.  The FAC thus fails to articulate any connection between Shopify USA and Plaintiff's claims, and hence fails to plead facts establishing specific jurisdiction.  *See Baton*, 2021 WL 5226315, at *5, n.1 (finding no specific jurisdiction over Shopify USA).

**C.      The FAC Fails to State a Claim Against Shopify USA.**

The FAC also must be dismissed in its entirety as to Shopify USA under Rule 12(b)(6)

---

[6] Exhibits G and H to the Heath Declaration are sworn declarations by employees of Shopify Inc. and Shopify USA, which were recently submitted in *Baton v. Ledger*, No. 21-cv-2470, ECF. No. 56-1 (N.D. Cal.) (executed and filed July 26, 2021).  The facts in those declarations cited here remain accurate.

because the FAC itself (along with IABMFG webpages incorporated by reference therein, *see supra* § II) makes clear that Plaintiff consented to any data collection, which defeats each of Plaintiff's claims.  Additionally, independent of the issue of consent, each of the FAC's claims—under (1) Section 631; (2) Section 635; (3) the California constitution or common law; (4) Section 502; (5) the Unfair Competition Law; and (6) the right of publicity—must fail.

1. *The FAC fails to state any claim because it pleads facts showing that Plaintiff consented to any data collection.*

As explained in detail in Shopify Inc.'s MTD Brief, the FAC has failed to plead facts sufficient to establish the requisite lack of consent for each of its claims.  *See* Shopify Inc. MTD Br. § IV.C.1, each of those claims must be dismissed.  For the same reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish the requisite lack of consent for its claims against Shopify USA.

2. *The FAC fails to state an eavesdropping claim under Penal Code Section 631(a).*

Separate and apart from the categorical legal bar that Plaintiff's consent poses to his suit, the FAC fails to state an eavesdropping claim under Section 631(a) for processing Plaintiff's transaction.  That provision makes it unlawful to (1) "intentionally tap[], or make[] any unauthorized connection … with any telegraph or telephone wire, line, cable, or instrument," or (2) "willfully and without the consent of all parties to the communication … read[], or attempt[] to read, or to learn the contents or meaning of any message … while the same is in transit." Cal. Penal Code § 631(a).  As discussed in Shopify Inc.'s MTD Brief, the FAC fatally fails to allege that *any* third-party disclosure occurred at all. It also fails to allege tapping of a telephone line required under prong 1, or unauthorized disclosure of contents required under prong 2, thus failing to state any claim under Section 631(a).[7]

---

[7] It is unclear whether Plaintiff also means to invoke Section 631's third clause, which makes it a crime to "use[], or attempt[] to use, … or to communicate … any information so obtained."  But that clause applies only where the information at issue "was obtained through a violation of the first or second clauses."  *In re Google Assistant Privacy Litig.*, 2020 WL 2219022, at *16.  Because Plaintiff cannot show a violation of either of those clauses, he "also ha[s] failed to plead a violation

1

        a.      The FAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify USA was a third party to Plaintiff's communications.

2

3       As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

4  to establish that Shopify Inc. was a third party to Plaintiff's communications, as required to

5  establish liability under either clause of Section 631(a). *See* Shopify Inc. MTD Br. § IV.C.2.a. For

6  the same reasons set forth there, especially because the FAC does not distinguish between Shopify

7  Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish

8  that Shopify USA was a third party to Plaintiff's communications.

9

        b.      The FAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line.

10

11      As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

12  to establish that Shopify Inc. committed a wiretap of a telephone line, as required to establish

13  liability under Section 631(a)'s first clause. *See* Shopify Inc. MTD Br. § IV.C.2.b. For the same

14  reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and

15  Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify

16  USA committed a wiretap of a telephone line.

17

        c.      The FAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify USA read the "contents" of any message.

18

19      As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

20  to establish that Shopify Inc. read the "contents" of any message, as required to establish liability

21  under Section 631(a)'s second clause. *See* Shopify Inc. MTD Br. § IV.C.2.c. For the same reasons

22  set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify

23  USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify USA

24  read the "contents" of any message.

25         3.    *The FAC fails to state a claim under Penal Code Section 635.*

26      Section 635 makes it a crime to "manufacture[], assemble[], sell[], offer[] for sale,

27  _____

28  of the third clause." *Id.* The same is true of Section 631's fourth clause as well, which criminalizes aiding and abetting violations of the first two clauses.

advertise[] for sale, possess[], transport[], import[], or furnish[] to another any device which is primarily or exclusively designed or intended for eavesdropping." Cal. Penal Code § 635(a). The FAC asserts that Shopify USA violated that provision by possessing "software code modules" designed to collect and process his shipping, billing, and payment information as required to facilitate his purchase from IABMFG. FAC ¶¶ 84-85. That theory fails for two reasons.

> a.   The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act.

As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient to establish that Shopify Inc.'s code constituted a "device," as required to establish liability under Section 635. *See* Shopify Inc. MTD Br. § IV.C.3.a. For the same reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify USA committed any prohibited act with a "device."

> b.   The Section 635 claim fails because the FAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping.

As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient to establish that Shopify Inc.'s code, even if a "device," was "primarily or exclusively designed" for eavesdropping, as required to establish liability under Section 635. *See* Shopify Inc. MTD Br. § IV.C.3.b. For the same reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify USA committed any prohibited act with a device "primarily or exclusively designed" for eavesdropping.

> 4.   *The FAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.*

As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient to establish that Shopify Inc. committed any act that would qualify as an "egregious" or "highly offensive" privacy intrusion, as required to establish liability for an invasion of privacy or an intrusion upon seclusion. *See* Shopify Inc. MTD Br. § IV.C.4. For the same reasons set forth there,

especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.

5. *The FAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify USA accessed Plaintiff's iPhone "without permission."*

As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient to establish that Shopify Inc. accessed Plaintiff's iPhone "without permission," as required to establish liability under Section 502.  *See* Shopify Inc. MTD Br. § IV.C.5.  For the same reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts sufficient to establish that Shopify USA accessed Plaintiff's iPhone "without permission."

6. *The FAC fails to state a claim under the UCL.*

To state a claim under the UCL, Plaintiff must show (among other things) that Shopify USA engaged in an "unlawful," "fraudulent," or "unfair" business practice.  Cal. Bus. & Prof. Code § 17200.  Here, Plaintiff has failed to plead facts establishing any of those three.

a. The FAC fails to state a claim for an "unlawful" practice.

To state a UCL claim for an "unlawful" practice, a plaintiff must show a "violation[] of [an]other law[]." *Silver* v. *Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. 2021).  The FAC fails to do so.  It lists five statutes as supposedly forming the basis for Plaintiff's "unlawful" UCL claim: (1) the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 635 and 637; (2) the California Online Privacy Protection Act of 2003 ("CalOPPA"), Cal. Bus. & Prof. Code § 22575 *et seq.*; (3) the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Bus. & Prof. Code § 1427 *et seq*; (4) Cal. Civ. Code § 3344; and (5) the California Computer Data Access and Fraud Act, Cal. Penal Code § 502.  FAC ¶ 130.

As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient to establish that Shopify Inc. committed a violation of any of those statutes.  *See* Shopify Inc. MTD Br. § IV.C.6.a.  For the same reasons set forth there, especially because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead

SHOPIFY USA'S MOTION TO DISMISS
CASE NO. 4:21-cv-06269

1   facts sufficient to establish that Shopify USA committed a violation of any of those statutes.

2                    b.       The FAC fails to state a claim for a "fraudulent" practice.

3          As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

4   to establish that that Shopify Inc. (1) owed Plaintiff a duty to disclose its data collection practices;

5   or (2) made any fraudulent or deceptive statements or omissions in breach of that specific duty, as

6   required to establish liability under the fraud prong of the UCL.  *See* Shopify Inc. MTD Br.

7   § IV.C.6.b.  For the same reasons set forth there, especially because the FAC does not distinguish

8   between Shopify Inc. and Shopify USA, *see supra* § IV.A, the FAC also fails to plead facts

9   sufficient to establish that Shopify USA owed Plaintiff a duty to disclose its data collection

10  practices; or made any fraudulent or deceptive statements or omissions in breach of that specific

11  duty.

12                   c.       The FAC fails to state a claim for an "unfair" practice.

13         As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

14  to establish that Shopify Inc. engaged in conduct that violates a public policy tethered to a specific

15  constitutional, statutory, or regulatory provision, or that the harm from Shopify Inc.'s conduct

16  outweighs the utility of the practice, as required to establish liability under the UCL's "unfair"

17  prong.  *See* Shopify Inc. MTD Br. § IV.C.6.c.  For the same reasons set forth there, especially

18  because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A,

19  the FAC also fails to plead facts sufficient to establish that Shopify USA engaged in conduct that

20  violates a public policy tethered to a specific constitutional, statutory, or regulatory provision, or

21  that the harm from Shopify Inc.'s conduct outweighs the utility of the practice.

22             7.      *The FAC fails to state a claim for right of publicity.*

23         As explained in detail in Shopify Inc.'s MTD Brief, the FAC fails to plead facts sufficient

24  to establish that Shopify Inc. used his name or likeness (i.e., his visual image) for a prohibited

25  purpose, as required establish liability for either a common law or statutory violation of the right

26  of publicity.  *See* Shopify Inc. MTD Br. § IV.C.7.  For the same reasons set forth there, especially

27  because the FAC does not distinguish between Shopify Inc. and Shopify USA, *see supra* § IV.A,

28  the FAC also fails to plead facts sufficient to establish that Shopify USA used Plaintiff's name or

1  likeness for a prohibited purpose.

2  **V.     CONCLUSION**

3          Shopify USA respectfully requests that the Court dismiss the FAC.

4  Dated: December 8, 2021                           Respectfully Submitted,

5                                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                                    By: */s/ Jacob M. Heath*

8                                                          JACOB M. HEATH
                                                           THOMAS FU

9                                                       Attorneys for Defendants
                                                    Shopify (USA), Inc. and Shopify Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -                SHOPIFY USA'S MOTION TO DISMISS
                                                                          CASE NO. 4:21-CV-06269