JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

ARAVIND SWAMINATHAN (admitted *pro hac vice*)
aswaminathan@orrick.com
NICOLE M. TADANO (admitted *pro hac vice*)
ntadano@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Attorneys for Defendants,
Shopify Inc. and Shopify (USA) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Brandon Briskin, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Shopify Inc. and Shopify (USA) Inc.,<br><br>Defendants. | Case No. 4:21-cv-06269-PJH<br><br>**DEFENDANT SHOPIFY (USA) INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: February 3, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 3, 3rd Floor<br>1301 Clay Street<br>Oakland, California<br><br>Judge: The Honorable Phyllis J. Hamilton |

## TABLE OF CONTENTS


**Page**

I. ARGUMENT ....- 2 -

A. The FAC Fails To Distinguish Among Defendants In Violation Of Rule 8. ....- 2 -

B. This Court Lacks Jurisdiction Over Shopify USA. ....- 5 -

1. *This Court lacks general jurisdiction over Shopify USA.* ....- 5 -

2. *This Court lacks specific jurisdiction over Shopify USA.* ....- 5 -

3. *There is no basis for granting jurisdictional discovery.* ....- 6 -

C. The FAC Fails To State A Claim Against Shopify USA. ....- 7 -

1. *The FAC's allegations regarding consent are false.* ....- 7 -

2. *The FAC fails to state an eavesdropping claim under Penal Code Section 631(a).* ....- 8 -

a. The FAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify Inc. was a third party to Plaintiff's communications. ....- 8 -

b. The FAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line. ....- 8 -

c. The FAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify Inc. read the "contents" of any message. ....- 8 -

3. *The FAC fails to state a claim under Penal Code Section 635.* ....- 8 -

a. The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act. ....- 8 -

b. The Section 635 claim fails because the FAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping. ....- 9 -

4. *The FAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify Inc. committed an "egregious" or "highly offensive" privacy intrusion.* ....- 9 -

5. *The FAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify Inc. accessed Plaintiff's iPhone "without permission."* ....- 9 -

6. *The FAC fails to state a claim under the UCL.* ....- 10 -

a. The FAC fails to state a claim for an "unlawful" practice. ....- 10 -

b. The FAC fails to state a claim for a "fraudulent" practice. ....- 11 -

c. The FAC fails to state a claim for an "unfair" practice. ....- 12 -

7. *The FAC fails to state a claim for right of publicity.* ....- 13 -

II. CONCLUSION ....- 13 -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. v. Blue Nile Grp., Inc.*
125 F. Supp. 3d 945 (N.D. Cal. 2015) .......... 3, 4

*Austin v. Budget Rental Car, Inc.*,
2020 WL 8614183 (N.D. Cal. 2020).......... 1, 3

*Bardin v. DaimlerChrysler Corp.*,
136 Cal. App. 4th 1255 (2006).......... 12

*Baton v. Ledger SAS*,
2021 WL 5226315 (N.D. Cal. 2021).......... 6, 7

*Bravo v. Cty. of San Diego*,
2014 WL 555195 (N.D. Cal. 2014).......... 3

*Brodsky v. Apple Inc.*,
2019 WL 4141936 (N.D. Cal. 2019).......... 9, 10

*Brown v. Google LLC*,
525 F. Supp. 3d 1049. (N.D. Cal. 2021) .......... 10

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) .......... 10

*Custom Packaging Supply, Inc. v. Phillips*,
2015 WL 8334793 (C.D. Cal. 2015).......... 9

*Facebook, Inc. v. ConnectU LLC*,
489 F. Supp. 2d 1087 (N.D. Cal. 2007) .......... 10

*Facebook, Inc. v. Power Ventures, Inc.*,
2010 WL 3291750 (N.D. Cal. 2010).......... 10

*Foley v. Bates*,
2007 WL 963825 (N.D. Cal. 2007).......... 2, 3

*Gen-Probe, Inc. v. Amoco Corp.*,
926 F. Supp. 948 (S.D. Cal. 1996) .......... 3

*Heller v. NBCUniversal, Inc.*,
2016 WL 6573985 (C.D. Cal. 2016).......... 4, 5

*Hernandez v. Path, Inc.*,
2012 WL 5194120 (N.D. Cal. 2012).......... 10

*Lane v. Cap. Acquisitions & Mgmt. Co.*,
2006 WL 4590705 (S.D. Fla. 2006) ........ 4

*Munning v. Gap, Inc.*,
2016 WL 6393550 (N.D. Cal. 2016) ........ 4

*Slack Techs., Inc. v. Phoji, Inc.*,
2020 WL 4701174 (N.D. Cal. 2020) ........ 6

*Smith v. United States Dep't of Agric.*,
2016 WL 4179786 (N.D. Cal. 2016) ........ 6

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. 2021) ........ 10, 11

*Tivoli LLC v. Sankey*,
2015 WL 12683801 (C.D. Cal. 2015) ........ 4

*United States v. Christensen*,
828 F.3d 763 (9th Cir. 2016) ........ 10

*Vendavo, Inc. v. Price f(x) AG*,
2018 WL 1456697 (N.D. Cal. 2018) ........ 4

*Weingand v. Harland Fin. Sols., Inc.*,
2012 WL 2327660 (N.D. Cal. 2012) ........ 10

*Wolfe v. Strankman*,
392 F.3d 358 (9th Cir. 2004) ........ 6

**Statutes**

California Consumer Privacy Act of 2018, Cal. Bus. & Prof. Code § 1427 *et seq.* ........ 11

California Online Privacy Protection Act of 2003, Cal. Bus. & Prof. Code § 22575 *et seq.* ........ 11

Cal. Penal Code § 502 ........ 9, 10

Cal. Penal Code § 631 ........ 8

Cal. Penal Code § 635 ........ 8, 9

**Rules**

Fed. R. Civ. P. 8 ........ *passim*

Fed. R. Civ. P. 12(b)(6) ........ 12

The Opposition to Shopify (USA) Inc.'s Motion to Dismiss ("USA Opp."), and the arguments it incorporates from the Opposition to Shopify Inc.'s Motion to Dismiss ("Inc. Opp."), entirely fails to address the most glaring problem with the claims against Shopify (USA) Inc. ("Shopify USA"): Shopify USA has nothing to do with this lawsuit. Shopify USA is a wholly separate entity from Shopify Inc. that is not responsible for handling customer data (such as Plaintiff's) because it does not contract with or furnish e-commerce services to Shopify Inc.'s merchants. Rather, it provides services and support to various aspects of Shopify Inc.'s business, such as messaging and mobile applications that merchants can use to improve their marketing and customer service and support for shipping-related services. ECF No. 29-9 at ¶¶ 3, 6. The FAC does not allege that the store at issue here, IABMFG, used Shopify USA's services in connection with the singular sale to Plaintiff that gives rise to his claims, much less that Shopify USA's services relate in any way to his claims.

So the Oppositions repeat the same tactic that the FAC employs: attempting to blur any distinction between Shopify Inc. and Shopify USA. Substantively, the Oppositions—like the FAC—simply treat the two companies as entirely interchangeable. Indeed, they admit as much, stating plainly that the allegations "asserted against each entity" are: "all of them." USA Opp. 8. (Which is why the Oppositions' substantive arguments are identical as to Shopify USA and Shopify Inc.) And with respect to jurisdiction, too, the Oppositions fail to recognize any difference between the two companies. Instead, they make essentially verbatim arguments against both Defendants—despite the fact that, as Shopify USA's MTD and the accompanying declarations make clear, the two companies are very differently positioned.

As a result, the Oppositions steer directly into the Rule 8 problem identified in Shopify USA's MTD. They do not even attempt to distinguish the directly on-point cases cited in Shopify USA's MTD which clearly hold that where "defendants are separate corporate entities[] and perform separate roles," pleading as to defendants as a collective generally "is insufficient." *Austin v. Budget Rental Car, Inc.*, 2020 WL 8614183, at *2 (N.D. Cal. 2020), *cited at* Shopify USA MTD § IV.A. And they freely admit that the FAC "repeatedly refer[s]" to the fictitious entity "'Shopify'

which is defined to include both Defendants." USA Opp. 8. Indeed, the Oppositions themselves double down on this lumping-together, by simply repeating the same arguments as to each company. That alone is enough for dismissal.

But it is far from the only reason that the FAC must be dismissed as to Shopify USA. As detailed in Shopify Inc.'s MTD, the FAC also fails on jurisdictional grounds, and fails to state any claim on which relief can be granted. Because neither the Oppositions nor the FAC draw any distinction between Shopify Inc. and Shopify USA as to any of those arguments, the FAC should be dismissed against USA in its entirety for the same reasons it should be dismissed against Inc. *See* Shopify Inc. MTD Reply §§ I.A, I.B., I.C.

## I. ARGUMENT

### A. The FAC Fails To Distinguish Among Defendants In Violation Of Rule 8.

As this Court has explained, a complaint violates Rule 8's notice requirement when it "generally alleges all … claims against 'all defendants,' … without making specific allegations as to any." *Foley v. Bates*, 2007 WL 963825, at *4 (N.D. Cal. 2007). There is no dispute that the FAC does exactly that. To take a simple example, FAC ¶ 29 alleges that "[a]fter the consumer has completed a purchase transaction, Shopify"—by which it supposedly means *both* Shopify Inc. *and* Shopify USA—"sends the user an order confirmation email." But email has a single sender. So, unless the Plaintiff received *two* identical emails (and the FAC nowhere suggests he did), then that email was sent by *either* Shopify Inc. or Shopify USA (or someone else entirely), not *both*. This is the problem. As the Oppositions themselves admit, the FAC's "claims repeatedly refer to 'Shopify' which is defined to include both Defendants." USA Opp. 8. Indeed, the Oppositions confess that there is not even a *single* substantive allegation that differentiates between the two. As to the question of which claims are "asserted against each entity," Plaintiffs flatly admit: "all of them." *Id.*[1] Moreover, as the Oppositions do not dispute, the FAC does not stop at lumping together Shopify Inc. and Shopify USA. Rather, it further groups its fictitious "Shopify" amalgam with

---

[1] What is more, even as to jurisdiction—which is the only place where the FAC even attempts to distinguish between the two companies—Plaintiff lumps the two companies together. Indeed, the jurisdictional sections of his Opposition to Shopify USA's MTD and his Opposition to Shopify Inc.'s MTD look essentially identical.

non-party Stripe Inc., attributing acts to "Shopify and/or Stripe," which make it impossible to tell whether which defendant (if any) was supposedly responsible for each accused act. *See, e.g.*, FAC ¶ 34.

As the many cases cited in Shopify USA's MTD (at § IV.A) make clear, Rule 8 demands more. The Oppositions do not attempt to distinguish all that precedent, presumably conceding that at least some of those decisions apply here with full force. *See Austin*, 2020 WL 8614183, at *2 ("When defendants are separate corporate entities[] and perform separate roles," pleading as to defendants as a collective generally "is insufficient."); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[L]umping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2).").

For the few cases they do attempt to distinguish, the Oppositions' arguments fail on their own terms. All they say about *Bravo v. Cty. of San Diego*, 2014 WL 555195 (N.D. Cal. 2014), is that the case "involved 'many defendants'—not just two as is the case here." USA Opp. 9. Similarly, the Oppositions attempt to distinguish *Foley v. Bates*, 2007 WL 963825 (N.D. Cal. 2007), on the ground that it "involved five unrelated defendants, some [of whom] were parties against whom the plaintiff clearly could not state a claim." USA Opp. 9. Both attempts to distinguish fail. Neither Rule 8, nor *Bravo* or *Foley*, says that a complaint may fail to distinguish between defendants *so long as there are only two*.[2] No matter how many defendants, each is entitled to notice of what it is specifically accused of doing. Moreover, not only does the FAC lump together three entities, but one of those (Stripe), is a non-party. Besides, Plaintiff asserts this numerical retort while simultaneously moving for leave to amend to add a fourth entity to the pile. *See* ECF No. 38-2, at ¶ 18.[3] And the Oppositions' argument that *Adobe Sys. v. Blue Nile Grp., Inc.*,

---

[2] Though this numerical argument is spurious, it is worth noting that the FAC actually lumps together three distinct companies (Shopify Inc., Shopify USA, and Stripe).

[3] What is more, it is wholly unclear what Plaintiff aims to achieve through his proposed addition of this fourth entity, Shopify Payments (USA) Inc. Plaintiff explains this addition on the ground that "Shopify Payments (USA), Inc. is a proper party because it runs the payment processing feature and wrongfully collects and discloses consumer data through its contact with Stripe, Inc." ECF No. 40 at 2. But then, when it actually comes to allegations in his proposed Second Amended Complaint, he does not target *any* substantive allegations specifically at Shopify Payments (USA) Inc. or that supposed role it had. Instead, the SAC does exactly what the FAC did—it lumps all

125 F. Supp. 3d 945 (N.D. Cal. 2015) "do[es] not support" the need to distinguish between defendants, USA Opp. 9, is simply wrong. *Adobe* cited numerous decisions—which the Oppositions do not even try to distinguish—holding that where a "complaint failed to attribute specific conduct to a specific defendant" it "thereby violated Rule 8." 125 F. Supp. 3d at 965-66 (collecting cases).[4]

The cases cited in the Oppositions do not announce a contrary rule. *Tivoli LLC v. Sankey*, 2015 WL 12683801 (C.D. Cal. 2015), for instance, recognized (consistent with the above) that "[a] complaint may fail to provide fair notice of alleged misconduct under Rule 8(a) … where it fails to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations." *Id.* at *3. But because the complaint in that case (unlike here) included a "conspiracy allegation," meaning that "each corporate defendant [wa]s liable for the others' actions," the usual need to distinguish between defendants did not apply. *Id.* at *4. Similarly, *Munning v. Gap, Inc.*, 2016 WL 6393550 (N.D. Cal. 2016), acknowledged that in general a complaint may not "merely lump multiple defendants together" but must "differentiate [the] allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation." *Id.* at *3. The court permitted group pleading in that case because—unlike the FAC—the complaint there alleged "corporate fraud" that frustrated the plaintiff's ability "to attribute particular fraudulent conduct to each defendant as an individual." *Id.*[5] Likewise, *Heller*

---

defendants into a single, fictitious "Shopify" entity that is accused of the exact same conduct as that alleged in the original Complaint.

[4] That the specific Complaint in *Adobe* happened not to violate Rule 8, because it "state[d] that five of its causes of action [we]re brought against" Defendant "Blue Source Group Inc., specifically," *Adobe*, 125 F. Supp. 3d at 965, is immaterial, as the FAC here *does not* "specifically" call out Shopify Inc. or Shopify USA in any of its substantive allegations.

[5] Contrary to the Oppositions' suggestion that Rule 8's requirements are unimportant because "Shopify USA is the wholly owned subsidiary of Shopify (USA) Holdings, Inc., which, in turn, is the wholly owned subsidiary of Shopify Inc.," USA Opp. 8, it is well-established that Rule 8's requirements apply with full force—and indeed, are "particularly pertinent"—to a complaint that "fails to differentiate" between "a parent corporation and its subsidiary." *Lane v. Cap. Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. 2006), *aff'd sub nom. Lane v. XYZ Venture Partners, LLC.*, 322 F. App'x 675 (11th Cir. 2009); *see also, e.g., Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697, at *4 (N.D. Cal. 2018) (dismissing claim for "lack of specificity" because it "d[id] not distinguish between" two related companies). Moreover, the Oppositions' assertion that "Defendants concede that they are related entities who could have acted in concert," USA Opp. 8, is entirely false, which is why the Oppositions cite nothing (i.e., nowhere that Shopify Inc. or

*v. NBCUniversal, Inc.*, 2016 WL 6573985 (C.D. Cal. 2016), explained that the "crucial distinction" between permissible and impermissible group pleading is whether "plausible allegations" indicate that "*each* of the … defendants" was responsible for "*each* of the [acts] at issue." *Id.* at *4 (emphasis in original). Under that rubric, the FAC clearly fails, as it is obvious that Shopify Inc. and Shopify USA cannot *both* have committed every act that the FAC attributes to the fictitious "Shopify."

Even under the cases cited in the Oppositions—not to mention all of those cited in Shopify USA's MTD—the FAC fails Rule 8's notice requirement. It must therefore be dismissed in its entirety.

**B. This Court Lacks Jurisdiction Over Shopify USA.**

1. *This Court lacks general jurisdiction over Shopify USA.*

The Oppositions do not dispute—and thus concede—that this Court lacks general jurisdiction over Shopify USA. *See* USA Opp. 4.

2. *This Court lacks specific jurisdiction over Shopify USA.*

Nearly all of the Oppositions' specific jurisdiction contentions as to Shopify USA simply replicate those advanced as to Shopify Inc., but with "Shopify USA" swapped in for "Shopify." *Compare* USA Opp. § IV.A, *with* Inc. Opp. § IV.A. All of those identical arguments fail for the same reasons given in Shopify Inc.'s MTD Reply § I.B.

Indeed, as Shopify USA' MTD explained (at § IV.B.2), the case for jurisdiction is even weaker as to Shopify USA than it is as to Shopify Inc., as the FAC fails to allege that any of its claims arise out of any contacts that Shopify USA supposedly had with California. Specifically, the *only* California contact that the FAC has alleged as to Shopify USA is that Shopify USA supposedly maintained a "domestic office" in San Francisco. But as Shopify USA's MTD

---

Shopify USA supposedly made that concession) in support of it. To the contrary, Shopify Inc. and Shopify USA have consistently emphasized that they are "separate entities," Shopify Inc. MTD 1—and notably, neither the Oppositions nor the FAC even attempt to show otherwise, such as by reference to and application of the alter ego doctrine. Plaintiff had a choice: establish that it is legally appropriate to treat two or more defendants as the same, or provide each Defendant with notice of the claims against it as the Rule requires. The FAC (and SAC) ask the Court for permission to do neither.

explained—and the Oppositions do not dispute—the FAC does not attempt to plead facts showing that the claims here had any connection to that supposed San Francisco office. *See* Shopify USA MTD at 9. What is more, as the declaration submitted with Shopify USA's MTD makes clear—and again the Oppositions again do not dispute—Shopify USA does not maintain such an office. *See* Heath Decl., Ex. H ¶¶ 3-4. That leaves the FAC with *no relevant California contacts* alleged as to Shopify USA—and hence, no basis for personal jurisdiction (in addition to all the reasons given in Shopify Inc.'s MTD Reply).[6]

3. *There is no basis for granting jurisdictional discovery.*

In a footnote, Plaintiff asks that if this Court "determine[s] a more satisfactory showing of facts is necessary" that he be allowed to take jurisdictional discovery from Shopify USA. USA Opp. 7, n.2. But jurisdictional discovery is unwarranted where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Slack Techs., Inc. v. Phoji, Inc.*, 2020 WL 4701174, at *7 (N.D. Cal. 2020). One classic example of circumstances where jurisdictional discovery is futile is where the complaint is facially deficient—that is, where the "allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see Smith v. United States Dep't of Agric.*, 2016 WL 4179786, at *5 (N.D. Cal. 2016) (explaining that "jurisdictional discovery" is disallowed where the defendant makes a "facial jurisdictional challenge"). In such a case, it is "immaterial" whether the allegations in the complaint are true or false—because jurisdiction is lacking either way—and so jurisdictional discovery accomplishes nothing. *Smith*, 2016 WL 4179786, at *5.

That is exactly the case here given the FAC fails to invoke jurisdiction, even accepting all of its jurisdictional allegations as true (including the spurious allegation that Shopify USA

[6] For this same reason, as well as those discussed in Shopify Inc.'s MTD (at § I.B.2), there would still be no basis for asserting personal jurisdiction over Shopify USA even if all of the extraneous California contacts discussed in the Inc. Opposition (e.g., the opening of a "store in Los Angeles," Inc. Opp. 7) were attributed to Shopify USA instead of Shopify Inc. Specifically, neither the FAC nor the Oppositions make any claim that Plaintiff's claims arise out of those contacts, and so those contacts are wholly irrelevant to the jurisdictional analysis. *See Baton v. Ledger SAS*, 2021 WL 5226315, at *5 (N.D. Cal. 2021) (holding that specific jurisdiction exists only if, among other requirements, the plaintiff's claims "'arise out of' Shopify[ USA]'s forum-related activities").

maintains a "domestic office" in San Francisco). Indeed, even if the existence (or not) of that supposed San Francisco office were relevant—and, as explained above, it is not, because the FAC and Oppositions make no argument that the claims here had any connection to it—jurisdictional discovery would still be inappropriate as the Oppositions offer noting more than "bare allegations in the face of specific denials made by the defendants." *Baton v. Ledger SAS*, 2021 WL 5226315, at *12 (N.D. Cal. 2021) (holding that a court could "not permit even limited discovery" from Shopify USA or Shopify Inc. in those circumstances).

The Oppositions' attempt to call into question Shopify USA's statement that it "is not responsible for handling customer data," USA Opp. 6, is a red herring—and certainly no basis for jurisdictional discovery. Even accepting the Oppositions' (mis)characterization of the "statement regarding Shopify[ Inc.]'s subprocessors," USA Opp. 6 (citing Backer Decl. Ex. 1), as true, there is still no basis for specific jurisdiction over Shopify USA—not only because all the reasons above are sufficient on their own to defeat jurisdiction, but because that document on its face makes clear that there is no connection between Shopify USA and the FAC's claims. Indeed, that document states clearly that the "[d]ata [p]rocessed" by Shopify USA consists of only that which is "needed to provide Shopify Inbox." Backer Decl. Ex. 1 at 6. Neither the FAC nor the Oppositions even attempt to allege that the claims here have anything to do with Shopify Inbox, and so the document cited by the Oppositions, on its face, only underscores the lack of connection between this suit and Shopify USA.

As with Shopify Inc., the Oppositions offer not even a hint of an argument for how the facts they hope to uncover in jurisdictional discovery would change any of the above analysis. Accordingly, such discovery is unwarranted and the Oppositions' request should be denied.

**C. The FAC Fails To State A Claim Against Shopify USA.**

1. *The FAC's allegations regarding consent are false.*

As explained in Shopify Inc.'s MTD Reply § I.C.1, the FAC's allegation—not contained in the original Complaint—that "on information and belief," IABMFG "modified its website" "after Plaintiff's transactions with IABMFG" is demonstrably false and wholly unsupported by fact. And the rest of the arguments that the Oppositions raise in an attempt to evade the IABMFG Privacy

Policy are pure makeweight. *See* Shopify Inc. MTD Reply § I.C.1. That Policy negates every one of the FAC's claims, and so the entire case must be dismissed.

2. *The FAC fails to state an eavesdropping claim under Penal Code Section 631(a).*

a. The FAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify Inc. was a third party to Plaintiff's communications.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.2.a, the Oppositions fail to rebut the arguments made in Shopify Inc.'s MTD and Shopify USA's MTD showing that Shopify USA (to the extent it was involved at all) acted merely as an "extension" of IABMFG, and thus not as a third party that can be held liable under Section 631(a).

b. The FAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line.

The Oppositions concede that the FAC does not state a claim under Section 631(a)'s first clause, *see* Inc. Opp. 17, n.5, so those portions of the FAC, *see, e.g.*, FAC ¶ 77, must be dismissed.

c. The FAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify Inc. read the "contents" of any message.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.2.c, the Oppositions fail to distinguish the cases cited in Shopify Inc.'s MTD and Shopify USA's MTD showing that the information alleged to be at issue here does not constitute the "contents" of a message, and thus cannot give rise to a claim under Section 631(a)'s second clause.

3. *The FAC fails to state a claim under Penal Code Section 635.*

a. The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.3.a, the Oppositions fail to show that the software code alleged in the FAC constitutes a "device" within the meaning of Section 635, and so fail to demonstrate that Section 635 applies. For this reason alone, the FAC's claim under Section 635 must be dismissed.

b. The Section 635 claim fails because the FAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.3.c, the Oppositions fail to show that the software code alleged in the FAC was designed "primarily or exclusively" for eavesdropping within the meaning of Section 635, and so fail to demonstrate that Section 635 applies. For this independent reason, the FAC's claim under Section 635 must be dismissed.

4. *The FAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify Inc. committed an "egregious" or "highly offensive" privacy intrusion.*

For the reasons given in Shopify Inc.'s MTD Reply § I.C.4, the Oppositions fail to show that the conduct alleged in the FAC constitutes an "egregious" or "highly offensive" privacy intrusion, as opposed to routine commercial behavior, and so fails to state a claim for invasion of privacy or intrusion upon seclusion.

5. *The FAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify Inc. accessed Plaintiff's iPhone "without permission."*

The Oppositions do not dispute that their theory of Section 502, as criminalizing the use of routine cookies, would outlaw essentially every website—including the Northern District of California's homepage and the U.S. Courts' PACER site. Shopify Inc. MTD at 21-22; *see* USA Opp. 11-12. Nor do they dispute that under the cases cited in Shopify Inc.'s MTD, the FAC fails to state a claim under Section 502. Instead, they malign those decisions as "outlier cases," which have supposedly been called into question by the Ninth Circuit and urge this Court to ignore them. The Oppositions' argument fails for several reasons.

For one thing, the Oppositions cite ***no case*** reading Section 502 so broadly as to prohibit (indeed, to criminalize) the installation of cookies in an individual's browser. To the contrary, courts have instructed that "Section 502 is an anti-hacking statute" and so should be "interpret[ed] … narrowly" to target that behavior. *Custom Packaging Supply, Inc. v. Phillips*, 2015 WL 8334793, at *3 (C.D. Cal. 2015); *see also Brodsky v. Apple Inc.*, 2019 WL 4141936, at *8-*9 (N.D. Cal. 2019).

For another, the Oppositions' characterization of the cases cited in Shopify Inc.'s MTD as

"outlier[s]," USA Opp. 12, is backwards. "[C]ourts in this District have ***largely adopted*** th[e] 'overcoming technical or code based barriers' test" set forth in the decisions cited in Shopify Inc.'s MTD, "as the operative test to determine if Defendant acted without permission." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1099 (N.D. Cal. 2015) (emphasis added); *see also, e.g.*, *Brodsky*, 2019 WL 4141936, at *9. In fact, two of the three cases the Oppositions cite as supposedly being to the contrary do not actually answer the question at all. *See Hernandez v. Path, Inc.*, 2012 WL 5194120, at *4 (N.D. Cal. 2012) ("[T]he Court cannot conclude as a matter of law whether [the defendant's] alleged conduct … falls outside the scope of [Section 502]," given "the current limited briefing"); *Weingand v. Harland Fin. Sols., Inc.*, 2012 WL 2327660, at *3 (N.D. Cal. 2012) (explaining that "whether the events in question may or may not be covered under the statute" is "not properly before the Court"). And the third, *Facebook, Inc. v. ConnectU LLC*, 489 F. Supp. 2d 1087, 1091 (N.D. Cal. 2007), has not only been criticized, *see, e.g.*, *Facebook, Inc. v. Power Ventures, Inc.*, 2010 WL 3291750, at *9 (N.D. Cal. 2010), but also has not been cited in this District on this question at all—positively or negatively—in the past six years.

The Oppositions similarly fail in suggesting that *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2016), "calls the 'technical barrier' requirement into question." USA Opp. 12. As Judge Koh recently explained, "*Christensen* did not conclude that a barrier need not be circumvented." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1074, n.7. (N.D. Cal. 2021). Indeed, *Christensen* would have had no occasion to even do what the Oppositions claim, as *Christensen* itself involved a technical barrier, namely "a system of password protection, and it "required that [that] barrier be circumvented." *Id.*

The Oppositions' attempts to avoid the clear holdings of the cases cited in Shopify Inc.'s MTD fail. Those decisions preclude a cause of action under Section 502 claim, and so that claim must be dismissed.

6. *The FAC fails to state a claim under the UCL.*

a. <u>The FAC fails to state a claim for an "unlawful" practice.</u>

The Oppositions concede that to state a UCL claim for an "unlawful" practice, a plaintiff must show a "violation[] of [an]other law[]." *Silver v. Stripe Inc.*, 2021 WL 3191752, at *6 (N.D.

Cal. 2021); *see* USA Opp. 13. Here, the only unique laws (not discussed above) that the FAC offers as predicates for the UCL claim are the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Bus. & Prof. Code § 1427 *et seq.*; and the California Online Privacy Protection Act of 2003 ("CalOPPA"), Cal. Bus. & Prof. Code § 22575 *et seq. See* USA Opp. 13-14.

As to the CCPA, the Oppositions maintain only that "statutes that do not include their own private right of actions can serve as a basis for an unlawful UCL claim." USA Opp. 14. The problem, however, as explained in Shopify Inc.'s MTD (at 22-23) is not just that the CCPA lacks a private right of action, but that it also affirmatively "states that consumers may not use the CCPA as a basis for a private right of action under any statute." *Stripe*, 2021 WL 3191752, at *7 (holding that a CCPA violation may not serve as a predicate for a UCL unlawful claim for that reason). The Oppositions simply ignore the *Stripe* decision.

As to CalOPPA, the Oppositions similarly ignore the requirement—discussed in Shopify Inc.'s MTD (at 23)—that a CalOPPA claim exists only where (among other requirements) an "operator fails to post its policy within 30 days after being notified of noncompliance," Cal. Bus. & Prof. Code § 22575, and the FAC nowhere alleges that Shopify Inc. was *ever* formally "notified of noncompliance," much less that it failed to post a privacy policy more than "30 days after" receiving such notice. Because the FAC fails to plead a violation of any predicate law, its UCL claim based on an "unlawful" practice also fails.

b. <u>The FAC fails to state a claim for a "fraudulent" practice.</u>

The Oppositions' argument regarding the FAC's "fraudulent" UCL claim likewise ignores the *Stripe* decision. Indeed, the Oppositions simply restate the arguments that Plaintiff's same counsel made—and the Court rejected—in that case. *See* Shopify Inc. MTD at 23 (explaining that the FAC's UCL "fraudulent" claim is a "near verbatim cop[y]" of the one from *Stripe*); USA Opp. § IV.H.2 (failing to dispute this). What is more, the Oppositions do so without even acknowledging the *Stripe* decision at all, much less attempting to explain why this Court should disregard it. For all the same reasons given in Shopify Inc.'s MTD and in the *Stripe* decision, the FAC fails to state a UCL claim based on a "fraudulent" act.

c. The FAC fails to state a claim for an "unfair" practice.

As Shopify Inc.'s MTD explained, all the FAC says on the question of whether Shopify USA[7] engaged in an "unfair" practice is the conclusory allegation parroting the elements of the cause of action. The FAC says only that the fictitious "Shopify" entity "'engaged in conduct that is unfair and unconscionable because its activities with respect to Class members' Private Information offends public policy, is immoral unethical, oppressive, outrageous, unscrupulous, and substantially injurious, and has caused substantial harm that greatly outweighs any possible utility from the conduct.'" Shopify Inc. MTD § IV.C.6.c (quoting FAC ¶ 133); *compare id. with Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260-61 (2006) (explaining that to state a claim under the "unfair" prong of the UCL, a complaint must plead facts showing conduct that violates "public policy" or "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and in which the "utility of the defendant's conduct" is outweighed by the "gravity of the harm to the alleged victim"). The Oppositions now belatedly try to bolster that threadbare assertion, but their attempts fail.

The Oppositions first suggest that even if the "FAC does not allege actual violations" of any statute, it still alleges conduct that "violates the public policy underlying those statutes." USA Opp. 15-16. As an initial matter, however, the Oppositions cite no authority for the proposition that the UCL's "unfair" prong was meant to bail out any plaintiff unable to state a claim under any other provision of law. What is more, the Oppositions' argument fails on its own terms. The "public policy underlying [a] statute[]" is expressed as much in a statute's limitations as in its substantive prohibitions. With each statute at issue here, the Legislature made a careful policy

[7] Although this argument—like all of those addressing the FAC's failures to state a claim under Rule 12(b)(6)—was addressed in full in Shopify *Inc.'s* MTD, Plaintiff has responded to it only in his Opposition to Shopify *USA's* MTD. That reflects the fact that the Oppositions, like the FAC, declined to organize the arguments so as to direct each to the proper entity, and instead split the arguments across both Oppositions without any apparent reason for the division. *See* Shopify Inc. MTD Reply at 7, n.3. As set forth in Shopify Inc.'s MTD Reply, *id.*, Shopify USA adopts the Oppositions' organization for ease of the Court's review, notwithstanding that it confuses whether and which of Plaintiff's arguments apply to each entity. Shopify USA therefore assumes for the purpose of this argument that the FAC's allegations regarding an unfair practice pertain to Shopify USA. Given that the FAC fails to distinguish between Shopify USA and Shopify Inc., the same argument applies equally if the allegations are interpreted as applying to Shopify Inc. *See* Shopify Inc. MTD Reply § I.C.6.c.

judgment about what to prohibit—and, just as important, what to permit. The Oppositions' attempt to use the UCL to outlaw activities that the Legislature specifically chose to permit would thus turn the "public policy underlying those statutes" on its head.

The Oppositions then fall back to asserting that the harm from the acts "Shopify" is accused of outweigh the benefits. USA Opp. 16-17. But everything the Oppositions say about the supposed harm, and lack of offsetting benefit, is based on nothing more than speculation and conjecture. While the Oppositions cite the FAC for allegations about what "Shopify" supposedly *did*, they cite nothing in the FAC (because there are no allegations on this score) showing that "substantial injuries to consumers" result or that there is a lack of "countervailing utility." *See id.* Showing that the supposed harm outweighs the lack of benefit is an element of the UCL "unfair" claim, and thus it the FAC's responsibility to plead facts establishing it. Because the FAC has not, this claim, too, must be dismissed.

7. *The FAC fails to state a claim for right of publicity.*

The Oppositions concede that FAC has failed to state a claim for right of publicity, so those claims must be dismissed. *See* USA Opp. at 18.

## II. CONCLUSION

Shopify USA respectfully requests that the Court dismiss the FAC.

Dated: January 21, 2021

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH
THOMAS FU
Attorneys for Defendants
Shopify (USA), Inc. and Shopify Inc.