UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON BRISKIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHOPIFY INC., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06269-PJH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 29, 30, 36 |

　　　　Before the court are defendant Shopify Inc.'s motion to dismiss (Dkt. 29), defendant Shopify USA Inc.'s motion to dismiss (Dkt. 30), and plaintiff's motion for leave to file a second amended complaint (Dkt. 36).  The matters are fully briefed and suitable for resolution without oral argument.  Accordingly, the hearing set for February 3, 2022, is VACATED.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion for leave to file a second amended complaint ("SAC").

　　　　Leave to amend is freely given.  Fed. R. Civ. Pro. 15.  Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing DCD Programs, Ltd v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  "Absent prejudice, or a

strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (citation omitted).  "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Here, defendants argue that plaintiff's motion should be denied because all four factors weigh against amendment.  The court disagrees.  This case remains in its infancy, and even taking defendants' representations as true, plaintiff's conduct does not yet reach the levels necessary to establish that leave to amend should be denied on any of the Foman factors.  Plaintiff seeks leave to amend prior to merits discovery (see Dkt. 33), prior to the setting of any deadlines, and prior even to resolution of defendants' first motions to dismiss.  This timing demonstrates that defendants are not prejudiced by the amendment.  If the SAC is truly as defective as defendants assert, they will face little difficulty in updating and refiling their briefs to seek dismissal.

Therefore, plaintiff's motion for leave to file his second amended complaint is GRANTED.  Defendants' motions to dismiss (Dkt. 29 and 30), responsive to the first amended complaint, are thus TERMINATED.  Plaintiff must file the second amended complaint as a standalone document no later than January 25, 2022.

**IT IS SO ORDERED.**

Dated: January 24, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

2