JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

ARAVIND SWAMINATHAN (admitted *pro hac vice*)
aswaminathan@orrick.com
NICOLE M. TADANO (admitted *pro hac vice*)
ntadano@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Attorneys for Defendants,
Shopify Inc. and Shopify (USA) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Brandon Briskin, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Shopify Inc. and Shopify (USA) Inc.,<br><br>Defendants. | Case No. 4:21-cv-06269-PJH<br><br>**DEFENDANT SHOPIFY (USA) INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: April 28, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 3, 3rd Floor<br>1301 Clay Street<br>Oakland, California<br><br>Judge: The Honorable Phyllis J. Hamilton |

# NOTICE OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on April 28, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 (3rd Floor) of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, defendant Shopify (USA) Inc. ("Shopify USA") will, and hereby does, move the Court under Federal Rules of Civil Procedure 8, 12(b)(2) and 12(b)(6) for an order dismissing the Second Amended Class Action Complaint ("SAC") (ECF No. 44) of Plaintiff Brandon Briskin. This motion is based on this notice, the concurrently filed memorandum of points and authorities, and all other facts the court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(B)(3)).** Shopify USA seeks an Order pursuant to Federal Rule of Civil Procedure 8(a)(2) for failure to provide adequate notice of the claims against it, or in the alternative, pursuant to Federal Rule 12(b)(2) for lack of personal jurisdiction, or in the further alternative, Federal Rule of Civil Procedure 12(b)(6) dismissing the SAC for failure to state a claim upon which relief can be granted.

Dated: February 17, 2022

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*

JACOB M. HEATH
THOMAS FU
Attorneys for Defendants
Shopify (USA), Inc. and Shopify Inc.

## TABLE OF CONTENTS

**Page**


NOTICE OF MOTION TO DISMISS ....- 1 -

I. STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) ....- 1 -

II. SUMMARY OF RELEVANT FACTS ....- 2 -

A. Background Facts....- 2 -

B. Facts Specific to Shopify USA ....- 6 -

III. LEGAL STANDARD....- 6 -

IV. LEGAL ARGUMENT....- 7 -

A. The SAC Fails Under Rule 8 Because It Fails to Distinguish Among Defendants....- 7 -

B. This Court Lacks Jurisdiction Over Shopify USA....- 8 -

1. *This Court lacks general jurisdiction over Shopify USA.* ....- 8 -

2. *This Court lacks specific jurisdiction over Shopify USA.* ....- 9 -

C. The SAC Fails to State a Claim Against Shopify USA. ....- 11 -

1. *The SAC fails to state any claim because it pleads facts showing that Plaintiff consented to any data collection.*....- 11 -

2. *The SAC fails to state an eavesdropping claim under Penal Code Section 631(a).* ....- 11 -

a. The SAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify USA was a third party to Plaintiff's communications. ....- 12 -

b. The SAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line....- 12 -

c. The SAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify USA read the "contents" of any message....- 13 -

3. *The SAC fails to state a claim under Penal Code Section 635.* ....- 13 -

a. The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act....- 13 -

b. The Section 635 claim fails because the SAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping....- 13 -

4. *The SAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.* ....- 14 -

5. *The SAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify USA accessed Plaintiff's iPhone "without permission."* ....- 14 -

6. *The SAC fails to state a claim under the UCL.* ....................................- 14 -
a. The SAC fails to state a claim for an "unlawful" practice........- 14 -
b. The SAC fails to state a claim for a "fraudulent" practice........- 15 -
c. The SAC fails to state a claim for an "unfair" practice............- 15 -
V. CONCLUSION ........................................................................................- 16 -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v Blue Source Grp., Inc.*,
125 F. Supp. 3d 945 (N.D. Cal. 2015) ........ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*Austin v. Budget Rental Car, Inc.*,
2020 WL 8614183 (N.D. Cal. 2020) ........ 7

*Baton v. Ledger*,
2021 WL 5226315 (N.D. Cal. 2021) ........ 9, 10, 11

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ........ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7

*Bravo v. Cnty. of San Diego*,
2014 WL 555195 (N.D. Cal. 2014) ........ 6, 7

*Caces-Tiamson v. Equifax*,
2020 WL 1322889 (N.D. Cal. 2020) ........ 9, 10

*Foley v. Bates*,
2007 WL 1831133 (N.D. Cal. 2007) ........ 8

*Gen-Probe, Inc. v. Amoco Corp.*,
926 F. Supp. 948 (S.D. Cal. 1996) ........ 8

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ........ 12

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ........ 2

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ........ 7

*Stewart v. Screen Gems-EMI Music, Inc.*,
81 F. Supp. 3d 938 (N.D. Cal. 2015) ........ 7

*Silver* v. *Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. 2021) ........ 14

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
433 F.3d 1199 (9th Cir. 2006) .... 8

**Statutes**

Cal. Bus. & Prof. Code § 1427 .... 15

Cal. Bus. & Prof. Code § 17200 .... 14

Cal. Bus. & Prof. Code § 22575 .... 15

Cal. Penal Code § 502 .... 11,14,15

Cal. Penal Code § 631 .... 11, 12, 13

Cal. Penal Code § 635 .... 11, 13, 15

Cal. Penal Code § 637 .... 15

**Rules**

Fed. R. Civ. P. 8 .... 1, 6, 7, 8

Fed. R. Civ. P. 12(b)(2) .... 2, 7

Fed. R. Civ. P. 12(b)(6) .... 1, 2, 7, 11

**Other Authorities**

https://www.iambecoming.com/4572025/checkouts/
5a9f0424b4812fc7195441a3ff49d5b1 .... 2

https://www.iambecoming.com/4572025/checkouts/
5a9f0424b4812fc7195441a3ff49d5b1?previous_step=shipping_method&
step=payment_method .... 3

https://www.iambecoming.com/4572025/checkouts/
5a9f0424b4812fc7195441a3ff49d5b1?previous_step=contact_information&
step=shipping_method .... 4

As explained in detail in Shopify Inc.'s Motion to Dismiss ("Shopify Inc. MTD"), Plaintiff's Second Amended Complaint ("SAC") alleges that routine processing of commercial transactions on the internet constitutes several crimes. But what, if any, role Shopify (USA) Inc. ("Shopify USA") played in that allegedly criminal scheme, the SAC does not say. It asserts only that because Plaintiff's credit card information for an online transaction was transmitted to Shopify Inc. or Shopify Payments (USA) Inc. ("Shopify Payments")—*not* Shopify USA—for processing, rather than directly to the merchant who sold him athletic apparel, that processing violated California's Constitution, various statutes, and the common law for which three entities are all liable.

Those claims fail for at least four reasons. First, the SAC (like the Complaint and First Amended Complaint before it) fails to distinguish between—and hence to provide adequate notice to—the separate entities Shopify Inc., Shopify USA, and Shopify Payments. Second, this Court lacks personal jurisdiction over Shopify USA. Third, for the reasons explained in Shopify Inc.'s MTD, Plaintiff's consent to the complained-of acts is fatal to all of his claims as pled. Despite his protestations that he was wholly unaware that his information would be transmitted to Shopify Inc., the webpages the SAC features prominently disclose that fact. And fourth, again as detailed in Shopify Inc.'s MTD, each claim independently fails to state a claim for relief on the merits.

As mentioned above, the SAC largely does not distinguish Shopify USA from Shopify Inc. or Shopify Payments, even though Rule 8 requires it to do so. As a result, Defendants' arguments are substantially the same as to all Defendants. To facilitate the Court's review and to avoid duplicative briefing, much of this brief—specifically the Statement of Issues to Be Decided (§ I), Background Facts (§ II.A), Legal Standard (§ III), and arguments under Rule 12(b)(6) (§ IV.C)—either borrow liberally from the corresponding sections of Shopify Inc.'s MTD or simply cross reference the appropriate sections of that brief. The new discussion applicable to Shopify USA herein is limited to the Facts Specific to Shopify USA (§ II.B), arguments under Rule 8 (§ IV.A), and arguments as to why this Court lacks jurisdiction over Shopify USA (§ IV.B).

## I. STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))

Shopify USA seeks Rule 8 dismissal for failure to plead facts showing that Shopify USA caused Plaintiff's alleged harm, Rule 12(b)(2) dismissal for lack of personal jurisdiction, and Rule

12(b)(6) dismissal for failure to state a claim.

## II. SUMMARY OF RELEVANT FACTS

### A. Background Facts[1]

The SAC alleges that in June 2019, Plaintiff purchased fitness apparel from IABMFG, a Shopify Inc. merchant, through IABMFG's website. SAC ¶ 57. In the course of that purchase, the SAC alleges Plaintiff was presented with the checkout screen reproduced at SAC ¶ 28 (**Fig. 1**). SAC ¶ 58. In providing these reproductions of IABMFG's current website, the SAC incorporates those webpages by reference, and the Court is permitted to consider their full context. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

The image at SAC ¶ 28 is cropped so as to omit the portion of the screen below the "Continue to shipping" and "Return to cart" buttons, which presents shoppers with links to IABMFG's Refund Policy, Privacy Policy, and Terms of Service (**Fig. 2**). *See* Heath Decl., Ex. A (red box added).[2]

[1] Because these facts are drawn from the portions of the SAC directed only at the fictitious "Shopify" amalgam, they do not vary across entities and thus are reproduced from Shopify Inc.'s MTD. Facts specific to Shopify USA are included in the next section, "Facts Specific to Shopify USA."

[2] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff49d5b1.




**Figure 1**




**Figure 2**

The same pages from which the SAC provides screenshots demonstrates that, in the course of checking out, consumers are provided with other links to IABMFG's Privacy Policy as well. For instance, the SAC alleges that after completing the above checkout screen (**Fig. 1**), Plaintiff was "required to provide his private information in order to complete the checkout process," SAC ¶ 59, on a screen like the one below (**Fig. 3**), SAC ¶ 31. As above, the full version of that screen (**Fig. 4**) includes a link to IABMFG's Privacy Policy. *See* Heath Decl., Ex. B (red box added).[3]

[3] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff49d5b1?previous_step=shipping_method&step=payment_method.







**Figure 3** **Figure 4**

When selecting the method for shipping his purchases, there too IABMFG's website presents a link to the Privacy Policy. (**Fig. 5**). *See* Heath Decl., Ex. C (red box added).[4]




**Figure 5**

In short, the website the SAC relies on links to IABMFG's Privacy Policy for consumers at least three times (*see* **Figs. 2, 4, 5**) in the course of checkout, each situated in a distinct blue color,

[4] *Available at* https://www.iambecoming.com/4572025/checkouts/5a9f0424b4812fc7195441a3ff49d5b1?previous_step=contact_information&step=shipping_method

just under the buttons that Plaintiff was required to click on in order to advance with his purchase. Despite providing and relying on these screenshots and incorporating the webpages by reference, the SAC alleges "on information and belief" that "[a]t some point . . . after Plaintiff's transaction with IABMFG—the company modified its website" and that "Plaintiff never saw" the links to the Privacy Policy that clearly appear on the uncropped pages imaged in the SAC. SAC ¶ 61.

IABMFG's Privacy Policy linked on those pages the SAC provides in cropped form discloses (among other things) that IABMFG's online store is "hosted on Shopify Inc.," an "e-commerce platform that allows [merchants] to sell [their] products and services" online." Indeed, the Privacy Policy has an entire section dedicated to Shopify Inc. and its role, where it explains that a consumer's data is "stored through Shopify [Inc.]'s data storage, databases, and the general Shopify application," and that if a customer chooses certain payment methods, Shopify Inc. will "store[] [the consumer's] credit card data" for "only as long as is necessary to complete [the] purchase transaction," at which point the "purchase transaction information is deleted." IABMFG's Privacy Policy further directs readers to Shopify Inc.'s own Terms of Service and Privacy Statement in case they have additional questions about Shopify Inc.'s involvement, Heath Decl., Ex. D (emphasis added):

> ***SECTION 4 - SHOPIFY***
> ***Our store is hosted on Shopify Inc.*** They provide us with the online e-commerce platform that allows us to sell our products and services to you.
> ***Your data is stored through Shopify's data storage, databases, and the general Shopify application***. They store your data on a secure server behind a firewall.
>
> Payment:
> ***If you choose a direct payment gateway to complete your purchase, then Shopify stores your credit card data***. It is encrypted through the Payment Card Industry Data Security Standard (PCI-DSS). ***Your purchase transaction data is stored only as long as is necessary to complete your purchase transaction. After that is complete, your purchase transaction information is deleted.***
> All direct payment gateways adhere to the standards set by PCI-DSS as managed by the PCI Security Standards Council, which is a joint effort of brands like Visa, MasterCard, American Express and Discover.
> PCI-DSS requirements help ensure the secure handling of credit card information by our store and its service providers.
> ***For more insight, you may also want to read Shopify's Terms of Service (https://www.shopify.com/legal/terms) or Privacy Statement (https://www.shopify.com/legal/privacy)***.

Shopify Inc.'s own Privacy Statement, in turn, contains more detailed disclosures about

what data it processes and how. It included a plainly worded explanation of how Shopify Inc. handled consumer data, covering topics including: "[w]hy we process your information," "[w]here we send your information," "[y]our rights over your information," and "[h]ow we use 'cookies' and other tracking technologies." Heath Decl., Ex. E. This last category includes a link to Shopify Inc.'s Cookie Policy, which provided more detail on every cookie that Shopify Inc. used, including name, function, and duration. Heath Decl., Ex. F. Shopify USA's role is not disclosed because Shopify USA is not responsible for handling customer data. Heath Decl., Ex. H ¶ 6.

The SAC nevertheless claims that Plaintiff "was not aware" that when he "submitted the form containing his private information to complete the checkout process, his private information was sent to Shopify[] [Inc.]'s computer network, where it was stored, analyzed, and/or processed." SAC ¶ 60. The SAC also asserts that Plaintiff "was not aware" that Shopify Inc. would "install[] … a tracking cookie … on his smartphone." *Id.* The SAC alleges that "[h]ad [Plaintiff] known that Shopify [Inc.] would collect, store, analyze, and/or transfer his private information," he "would not have purchased products from IABMFG." SAC ¶ 64. In acknowledging the presence of disclosures of Shopify Inc.'s involvement, the SAC claims that, nevertheless, "Plaintiff never saw nor agreed" to those "privacy disclosures on the IABMFG website." SAC ¶ 61.

### B. Facts Specific to Shopify USA

The SAC does not allege Shopify USA ever received any of Plaintiff's data (nor could it, *see* Heath Decl., Ex. H ¶ 6). Indeed, the SAC does not allege what Shopify USA's supposed role in the alleged scheme was at all. Nevertheless, Plaintiff filed this lawsuit accusing Shopify USA, along with Shopify Inc. and Shopify Payments, of committing crimes and torts for processing his purchase information and utilizing routine cookies in exactly the manner described in the above disclosures.

## III. LEGAL STANDARD

A motion to dismiss under Rule 8 is decided solely on the face of the complaint. A complaint survives such a motion only if it provides each "defendant[] fair notice of the claims against [it]." *Bravo v. Cnty. of San Diego*, 2014 WL 555195, at *2 (N.D. Cal. 2014). "[L]umping together multiple defendants in one broad allegation fails to satisfy [this] notice requirement." *Id.*

A motion to dismiss under Rule 12(b)(2) is not limited to the pleadings and "may consider extrinsic evidence … including affidavits submitted by the parties." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015). The plaintiff bears the burden of establishing personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) is resolved solely on the face of the complaint. To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements" of claims will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. LEGAL ARGUMENT

### A. The SAC Fails Under Rule 8 Because It Fails to Distinguish Among Defendants.

Plaintiff's claims should be dismissed because the SAC fails to provide Shopify Inc., Shopify USA, or Shopify Payments with sufficient notice as to the claims against each entity. The SAC does not allege any single entity did *anything*, but rather that every single action described in the SAC can be attributed to all three entities. That position defies both logic and the Federal Rules. Rule 8 requires a plaintiff to "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Adobe Sys. Inc. v Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). "When defendants are separate corporate entities[] and perform separate roles," pleading as to defendants as a collective generally "is insufficient." *Austin v. Budget Rental Car, Inc.*, 2020 WL 8614183, at *2 (N.D. Cal. 2020).

The SAC, however, treats three distinct legal entities—Shopify Inc., Shopify USA, and Shopify Payments—as one and the same, lumping them all together with a single defined term of "Shopify." SAC ¶ 18. The SAC then generally avers various "Shopify" actions or omissions without specifying "which defendant[] engaged in what activity," *Bravo*, 2014 WL 555195, at *2. *See, e.g.*, SAC ¶¶ 1-7. Moreover, it does so even when it is *impossible* for the act attributed to "Shopify" to have, in fact, been performed by all three defendants. For instance, the SAC describes various emails that "Shopify" supposedly sends. *See, e.g.*, SAC ¶ 36 ("After the consumer has completed a purchase transaction, **Shopify** sends the user an order confirmation email."); SAC ¶ 41

("Shopify will email the data corresponding to the transactions with the merchant and consumer."). But as the SAC's use of the singular makes clear, each of those allegations involves only a single "email," which necessarily has a single sender—either Shopify Inc., or Shopify USA, or Shopify Payments, or someone else entirely. Thus, the SAC's use of "Shopify" cannot be justified as a mere shorthand for saying that each of the defendants performed each action charged to that fictitious amalgam. Nor, for the same reason, can Plaintiff defend his failure to specify which entity he accuses of performing each act by claiming that all allegations were committed by "all" entities. *See* ECF No. 38 at 8. As with the examples just given, many of those actions were necessarily performed by only a single actor; the SAC simply refuses to say who it was. The SAC's failure to tie specific actions to specific entities is thus no mere formalism; it burdens three independent entities with falsifying demonstrably preposterous allegations, which serve only to obfuscate Plaintiff's true theories and run up costs. If Plaintiff wishes to hale three separate defendants into court, he is required, at a minimum, to tell each what exactly it stands accused of so that each may defend itself.

Indeed, on some points, the SAC does not even distinguish between Defendants and non-party Stripe, alleging merely that certain acts were undertaken by "Shopify and/or Stripe." SAC ¶ 41; *see also* SAC ¶ 62. That is exactly what a complaint may not do: "[L]umping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). Because "the complaint does not allege [Plaintiff's] specific claims against any specific defendant" but rather "generally alleges all claims against all defendants, without identifying which defendant is responsible for his alleged injuries," it fails to put both "defendants fairly on notice of the claims against them" and "must be dismissed." *Foley v. Bates*, 2007 WL 1831133, at *3 (N.D. Cal. 2007) (Hamilton, J.).

**B. This Court Lacks Jurisdiction Over Shopify USA.**[5]

1. *This Court lacks general jurisdiction over Shopify USA.*

---

[5] "Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

A corporation is subject to general jurisdiction in California only if it is incorporated in California, if its principal place of business is in California, or if its contacts with California are so "exceptional" as "to approximate physical presence in California." *Baton v. Ledger*, 2021 WL 5226315, at *3-*4 (N.D. Cal. 2021) (dismissing Shopify Inc. and Shopify USA for lack of jurisdiction). None of those bases applies here. As the SAC concedes, Shopify USA is incorporated not in California, but rather in "Delaware," and its principal place of business is in "Ottawa, Canada." SAC ¶ 14. So California is neither of the two "paradigm bases for general jurisdiction" over Shopify USA. *Baton*, 2021 WL 5226315, at *3. Nor, as Judge Chen recently explained, is there any basis to conclude that Shopify USA has "exceptional" contacts with California that could otherwise justify the exercise of general jurisdiction. *Baton*, 2021 WL 5226315, at *4. Indeed, he specifically held that in light of the fact that "Shopify USA entered evidence that it permanently closed its San Francisco office in September 2020, that its corporate officers are located in Ontario, Canada and New York, approximately three-quarters of its employees are located outside of California, and a vast majority of its business activities are conducted outside of, and have no relationship to, California," it was impossible to conclude that "Shopify USA is so heavily engaged in activity in California as to render it" subject to general jurisdiction. *Id.* at *4. All of those same facts remain true here. *See* Heath Decl., Ex. H ¶¶ 5-7.[6] Accordingly, just as in *Baton*, there is no basis for asserting general jurisdiction over Shopify USA.

2. *This Court lacks specific jurisdiction over Shopify USA.*

Specific jurisdiction exists only where the complaint alleges facts showing (1) the defendant "purposefully direct[s] his activities" toward the state or its residents; and (2) the claim before the court "arises out of or relates to the defendant's forum-related activities." *Caces-Tiamson v. Equifax*, 2020 WL 1322889, at *3 (N.D. Cal. 2020). The SAC advances two jurisdictional theories as to Shopify USA, neither of which satisfies both necessary elements. The first theory of specific jurisdiction alleges facts targeting the fictional amalgam "Shopify," but fails to establish that

[6] Exhibits G and H to the Heath Declaration are sworn declarations by employees of Shopify Inc. and Shopify USA, which were recently submitted in *Baton v. Ledger*, No. 21-cv-2470, ECF. No. 56-1 (N.D. Cal.) (executed and filed July 26, 2021). The facts in those declarations cited here remain accurate.

"Shopify" purposefully directed any relevant acts at California. The second theory of specific jurisdiction, which targets "Shopify USA" specifically, alleges facts that sound more like purposeful direction than the first, but which have no relation to Plaintiff's claims. Because neither theory alleges that Plaintiff's claims arise out of acts purposefully directed at the forum—but rather at most that Plaintiff's claims arise out of forum-agnostic acts (the first category) and that Shopify USA undertook California-related acts wholly unrelated to Plaintiff's claims (the second category)—the SAC fails to establish specific jurisdiction. *See Baton*, 2021 WL 5226315, at *11 ("[B]ecause Plaintiffs fail to show (1) that the Shopify, Inc. "purposefully directed" their activities towards California, and (2) that their claims "arise out of" Shopify [Inc.]'s forum-related activities demonstrate, the Court concludes that it lacks specific jurisdiction over Shopify Inc.")..

**Claim-related but forum-agnostic allegations about "Shopify."** For the reasons given in Shopify Inc.'s MTD, the allegations as to the fictitious "Shopify" are insufficient to establish specific jurisdiction (no matter which entity those "Shopify" allegations are construed as applying to).

**Claim-unrelated forum-contact allegations specific to Shopify USA.** The SAC includes only one paragraph of allegations specifically focused on Shopify USA (as opposed to the fictitious "Shopify"). But it does not even attempt to show that Plaintiff's claims "arise out of" any of those allegations, as required for specific jurisdiction. *See Caces-Tiamson*, 2020 WL 1322889, at *3. A claim "arises out of" an a forum-state contact only when it would not have occurred "but for" that contact. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). And here, while the SAC alleges, for instance, that Shopify USA "had a domestic office in San Francisco," it makes no allegation that any of the relevant acts here had anything to do with that San Francisco office—much less that they would not have occurred but for the existence of that office. Similarly, while the SAC alleges (incorrectly[7]) that Shopify USA "collects and processes California consumers' personal

[7] As the declaration submitted in connection with this motion makes clear, Shopify USA is not responsible for handling customer data. Heath Decl., Ex. H ¶ 6. Shopify USA is therefore legally irrelevant to Plaintiff's claims, all of which arise out of handling of such data. The SAC tries to plead around this by alleging that "Shopify Inc. designates Shopify (USA), Inc. as a subprocessor of user data." SAC ¶ 14. But as explained above in text, even if this Court accepted as true the allegation that Shopify USA "processes California consumers'" data, that is still not enough to

information," it conspicuously does not allege that Shopify USA ever collected or processed Plaintiff's information. The SAC thus fails to articulate any connection between Shopify USA and Plaintiff's claims, and hence fails to plead facts establishing specific jurisdiction. *See Baton*, 2021 WL 5226315, at *5, n.1 (finding no specific jurisdiction over Shopify USA).

**C. The SAC Fails to State a Claim Against Shopify USA.**

The SAC also must be dismissed in its entirety as to Shopify USA under Rule 12(b)(6) because the SAC itself (along with IABMFG webpages incorporated by reference therein, *see supra* § II) makes clear that Plaintiff consented to any data collection, which defeats each of Plaintiff's claims. Additionally, independent of the issue of consent, each of the SAC's claims—under (1) Section 631; (2) Section 635; (3) the California constitution or common law; (4) Section 502; and (5) the Unfair Competition Law—must fail.

1. *The SAC fails to state any claim because it pleads facts showing that Plaintiff consented to any data collection.*

As explained in detail in Shopify Inc.'s MTD, the SAC has failed to plead facts sufficient to establish the requisite lack of consent for each of its claims. *See* Shopify Inc. MTD § IV.C.1, each of those claims must be dismissed. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc., Shopify USA, or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish the requisite lack of consent for its claims against Shopify USA.

2. *The SAC fails to state an eavesdropping claim under Penal Code Section 631(a).*

Separate and apart from the categorical legal bar that Plaintiff's consent poses to his suit, the SAC fails to state an eavesdropping claim under Section 631(a) for processing Plaintiff's transaction. That provision makes it unlawful to (1) "intentionally tap[], or make[] any

---

establish specific jurisdiction, as the SAC conspicuously avoids alleging that Shopify USA ever processed *his* data. Moreover, the designation to which the SAC refers—which is incorporated into the Complaint by reference, *see supra* § II—explains that Shopify USA processes only "[p]latform data" and only "as needed to provide Shopify Inbox," a chat app some, but not all, Shopify merchants use. ECF No. 38-2. Because neither the SAC, nor any prior version of the Complaint, have ever alleged that Plaintiff ever used, or had any connection to, Shopify Inbox, this too defeats any connection between Shopify USA and his claims.

unauthorized connection … with any telegraph or telephone wire, line, cable, or instrument," or (2) "willfully and without the consent of all parties to the communication … read[], or attempt[] to read, or to learn the contents or meaning of any message … while the same is in transit." Cal. Penal Code § 631(a). As discussed in Shopify Inc.'s MTD, the SAC fatally fails to allege that *any* third-party disclosure occurred at all. It also fails to allege tapping of a telephone line required under prong 1, or unauthorized disclosure of contents required under prong 2, thus failing to state any claim under Section 631(a).[8]

a. The SAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify USA was a third party to Plaintiff's communications.

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. was a third party to Plaintiff's communications, as required to establish liability under either clause of Section 631(a). *See* Shopify Inc. MTD § IV.C.2.a. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA was a third party to Plaintiff's communications.

b. The SAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line.

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. committed a wiretap of a telephone line, as required to establish liability under Section 631(a)'s first clause. *See* Shopify Inc. MTD § IV.C.2.b. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA committed a wiretap of a telephone line.

---

[8] It is unclear whether Plaintiff also means to invoke Section 631's third clause, which makes it a crime to "use[], or attempt[] to use, … or to communicate … any information so obtained." But that clause applies only where the information at issue "was obtained through a violation of the first or second clauses." *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 825, 827 (N.C. Cal. 2020). Because Plaintiff cannot show a violation of either of those clauses, he "also ha[s] failed to plead a violation of the third clause." *Id.* at 827. The same is true of Section 631's fourth clause as well, which criminalizes aiding and abetting violations of the first two clauses.

c. <u>The SAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify USA read the "contents" of any message.</u>

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. read the "contents" of any message, as required to establish liability under Section 631(a)'s second clause. *See* Shopify Inc. MTD § IV.C.2.c. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA read the "contents" of any message.

3. *The SAC fails to state a claim under Penal Code Section 635.*

Section 635 makes it a crime to "manufacture[], assemble[], sell[], offer[] for sale, advertise[] for sale, possess[], transport[], import[], or furnish[] to another any device which is primarily or exclusively designed or intended for eavesdropping." Cal. Penal Code § 635(a). The SAC asserts that Shopify USA violated that provision by possessing "software code modules" designed to collect and process his shipping, billing, and payment information as required to facilitate his purchase from IABMFG. SAC ¶¶ 91-92. That theory fails for two reasons.

a. <u>The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act.</u>

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc.'s code constituted a "device," as required to establish liability under Section 635. *See* Shopify Inc. MTD § IV.C.3.a. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA committed any prohibited act with a "device."

b. <u>The Section 635 claim fails because the SAC fails to allege facts showing that Shopify Inc.'s code was "primarily or exclusively designed" for eavesdropping.</u>

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc.'s code, even if a "device," was "primarily or exclusively designed" for eavesdropping, as required to establish liability under Section 635. *See* Shopify Inc. MTD

§ IV.C.3.b. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA committed any prohibited act with a device "primarily or exclusively designed" for eavesdropping.

4. *The SAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.*

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. committed any act that would qualify as an "egregious" or "highly offensive" privacy intrusion, as required to establish liability for an invasion of privacy or an intrusion upon seclusion. *See* Shopify Inc. MTD § IV.C.4. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA committed an "egregious" or "highly offensive" privacy intrusion.

5. *The SAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify USA accessed Plaintiff's iPhone "without permission."*

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. accessed Plaintiff's iPhone "without permission," as required to establish liability under Section 502. *See* Shopify Inc. MTD § IV.C.5. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA accessed Plaintiff's iPhone "without permission."

6. *The SAC fails to state a claim under the UCL.*

To state a claim under the UCL, Plaintiff must show (among other things) that Shopify USA engaged in an "unlawful," "fraudulent," or "unfair" business practice. Cal. Bus. & Prof. Code § 17200. Here, Plaintiff has failed to plead facts establishing any of those three.

a. <u>The SAC fails to state a claim for an "unlawful" practice.</u>

To state a UCL claim for an "unlawful" practice, a plaintiff must show a "violation[] of [an]other law[]." *Silver* v. *Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. 2021). The SAC fails

to do so. It lists five statutes as supposedly forming the basis for Plaintiff's "unlawful" UCL claim: (1) the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 635 and 637; (2) the California Online Privacy Protection Act of 2003 ("CalOPPA"), Cal. Bus. & Prof. Code § 22575 *et seq.*; (3) the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Bus. & Prof. Code § 1427 *et seq*; and (4) the California Computer Data Access and Fraud Act, Cal. Penal Code § 502. SAC ¶ 137.

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. committed a violation of any of those statutes. *See* Shopify Inc. MTD § IV.C.6.a. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA committed a violation of any of those statutes.

b. <u>The SAC fails to state a claim for a "fraudulent" practice.</u>

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that that Shopify Inc. (1) owed Plaintiff a duty to disclose its data collection practices; or (2) made any fraudulent or deceptive statements or omissions in breach of that specific duty, as required to establish liability under the fraud prong of the UCL. *See* Shopify Inc. MTD § IV.C.6.b. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA owed Plaintiff a duty to disclose its data collection practices; or made any fraudulent or deceptive statements or omissions in breach of that specific duty.

c. <u>The SAC fails to state a claim for an "unfair" practice.</u>

As explained in detail in Shopify Inc.'s MTD, the SAC fails to plead facts sufficient to establish that Shopify Inc. engaged in conduct that violates a public policy tethered to a specific constitutional, statutory, or regulatory provision, or that the harm from Shopify Inc.'s conduct outweighs the utility of the practice, as required to establish liability under the UCL's "unfair" prong. *See* Shopify Inc. MTD § IV.C.6.c. For the same reasons set forth there, especially because the SAC does not distinguish between Shopify Inc. and Shopify USA or Shopify Payments, *see*

*supra* § IV.A, the SAC also fails to plead facts sufficient to establish that Shopify USA engaged in conduct that violates a public policy tethered to a specific constitutional, statutory, or regulatory provision, or that the harm from Shopify Inc.'s conduct outweighs the utility of the practice.

## V. CONCLUSION

Shopify USA respectfully requests that the Court dismiss the SAC.

Dated: February 17, 2022

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH
THOMAS FU
Attorneys for Defendants
Shopify (USA), Inc., Shopify Inc., and
Shopify Payments (USA) Inc.