JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

ARAVIND SWAMINATHAN (admitted *pro hac vice*)
aswaminathan@orrick.com
NICOLE M. TADANO (admitted *pro hac vice*)
ntadano@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Attorneys for Defendants,
Shopify Inc., Shopify (USA) Inc., and Shopify
Payments (USA) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Brandon Briskin, on behalf of himself and those similarly situated,

Plaintiffs,

v.

Shopify Inc., Shopify (USA) Inc., and Shopify Payments (USA) Inc.,

Defendants.

Case No. 4:21-cv-06269

**DEFENDANT SHOPIFY PAYMENTS (USA) INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

Date: April 28, 2022
Time: 1:30 p.m.
Location: Courtroom 3, 3rd Floor
1301 Clay Street
Oakland, California

Judge: The Honorable Phyllis J. Hamilton

## TABLE OF CONTENTS


**Page**

I. ARGUMENT ........ - 2 -
  A. The SAC Fails To Distinguish Among Defendants In Violation Of Rule 8 ........ - 2 -
  B. This Court Lacks Jurisdiction Over Shopify Payments. ........ - 2 -
    1. *This Court lacks general jurisdiction over Shopify Payments.* ........ - 2 -
    2. *This Court lacks specific jurisdiction over Shopify Payments.* ........ - 2 -
    3. *There is no basis for granting jurisdictional discovery.* ........ - 5 -
  C. The SAC Fails To State A Claim Against Shopify Payments. ........ - 5 -
    1. *The SAC's allegations regarding consent should be disregarded.* ........ - 5 -
    2. *The SAC fails to state an eavesdropping claim under Penal Code Section 631(a).* ........ - 6 -
      a. The SAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify Inc. was a third party to Plaintiff's communications. ........ - 6 -
      b. The SAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line. ........ - 6 -
      c. The SAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify Payments read the "contents" of any message. ........ - 6 -
    3. *The SAC fails to state a claim under Penal Code Section 635.* ........ - 7 -
      a. The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act. ........ - 7 -
      b. The Section 635 claim fails because the SAC fails to allege facts showing that Shopify Payments manufactured code that was "primarily or exclusively designed" for eavesdropping. ........ - 7 -
    4. *The SAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify Payments. committed an "egregious" or "highly offensive" privacy intrusion.* ........ - 7 -
    5. *The SAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify Payments accessed Plaintiff's iPhone "without permission."* ........ - 7 -
    6. *The SAC fails to state a claim under the UCL.* ........ - 8 -

II. CONCLUSION ........ - 8 -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995)........................................ 4

*Iqbal*,
556 U.S. at 682........................................ 6

*Life Bliss Found. v. Sun TV Network Ltd.*,
2014 WL 12589657 (C.D. Cal. 2014)........................................ 4

*Lisa McConnell, Inc. v. Idearc, Inc.*,
2010 WL 364172 (S.D. Cal. 2010)........................................ 1, 3, 4, 5

*Mohazzabi v. Mohazzebi*,
2019 WL 6493969 (N.D. Cal. 2019)........................................ 1, 3

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir. 2001)........................................ 4

*Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*,
2019 WL 4058971 (W.D. Wash. 2019)........................................ 3

*Shute v. Carnival Cruise Lines*,
897 F.2d 377 (9th Cir.1990)........................................ 4

*Speidel v. Markota*,
2021 WL 3463895 (C.D. Cal. 2021)........................................ 3

*Steel v. United States*,
813 F.2d 1545 (9th Cir. 1987)........................................ 3

**Statutes**

Cal. Penal Code § 502........................................ 7

Cal. Penal Code § 631(a)........................................ 6

Cal. Penal Code § 635........................................ 7

**Rules**

Fed. R. Civ. P. 8........................................ 2

Nearly all of the Opposition to Shopify Payments (USA) Inc.'s Motion to Dismiss ("Payments Opp.") either incorporates or copies nearly verbatim arguments from the Opposition to Shopify Inc.'s Motion to Dismiss ("Inc. Opp.") and the Opposition to Shopify (USA) Inc.'s Motion to Dismiss ("USA Opp."). That is because the SAC itself largely avoids differentiating between the three separate entities—instead, lumping them together (occasionally, with non-party Stripe, Inc.) into the fictitious amalgam "Shopify"—leaving the Oppositions little room to say anything new that they have not already said with respect to Shopify Inc. or Shopify USA. All of those repeated arguments fail for the same reasons already addressed in Shopify Inc.'s and Shopify USA's briefing.

The only points the Oppositions raise solely as to Shopify Payments pertain exclusively to specific jurisdiction (addressed here in § I.B.2), and principally contend that by entering into a contract with third-party vendor Stripe (which happens to be located in California), Shopify Payments subjected itself to personal jurisdiction here. But in staking out that position, the Oppositions run headlong into two independent lines of precedent discussed in Shopify Payments' Motion to Dismiss ("Shopify Payments MTD"). The first holds that an "allegation that defendant entered into a contract with a California resident" is insufficient to show that the defendant "purposefully direct[ed] activities at California." *Mohazzabi v. Mohazzebi*, 2019 WL 6493969, at *4 (N.D. Cal. 2019), *cited at* Shopify Payments MTD 12. And the second explains that specific jurisdiction for a tort claim (like those asserted here) can be premised on a contract only if "the agreement requires" the tortious actions. *Lisa McConnell, Inc. v. Idearc, Inc.*, 2010 WL 364172, at *6 (S.D. Cal. 2010), *cited at* Shopify Payments MTD 13. The Oppositions offer no viable path around either legal bar. Ultimately, the Oppositions are reduced to misrepresenting the rule from the first set of cases (by ignoring precedent, cited in Shopify Payments' MTD, that directly contradicts Plaintiff's position) and insisting that the second was wrongly decided.

The Oppositions' arguments as to Shopify Payments specifically are thus little different from their arguments as to all Defendants more broadly. When confronted with on-point caselaw directly contrary to their positions, they opt to ignore, to mischaracterize, or to wish it away. Those

tactics fare no better here. The SAC should be dismissed in its entirety as to Shopify Payments.

## I. ARGUMENT

### A. The SAC Fails To Distinguish Among Defendants In Violation Of Rule 8.

For the reasons stated in Shopify USA's MTD Reply § I.A, the SAC must be dismissed because it fails to differentiate between Shopify Inc., Shopify USA, and Shopify Payments as required by Rule 8.

### B. This Court Lacks Jurisdiction Over Shopify Payments.

#### 1. *This Court lacks general jurisdiction over Shopify Payments.*

The Oppositions do not dispute—and thus concede—that this Court lacks general jurisdiction over Shopify Payments. *See* Payments Opp. 4-5.

#### 2. *This Court lacks specific jurisdiction over Shopify Payments.*

As with Shopify USA, nearly all of the Oppositions' specific jurisdiction contentions as to Shopify Payments simply replicate the claim-related, but forum-agnostic, arguments advanced as to Shopify Inc., based on the SAC's allegations as to the undifferentiated "Shopify" amalgam. *Compare* Payments Opp. § IV.A, *with* Inc. Opp. § IV.A. All of those identical arguments fail for the same reasons given in Shopify Inc.'s MTD Reply § I.B.

When it comes to arguments as to Shopify Payments specifically, the Oppositions (like the SAC) primarily insist that because Shopify Payments contracted with Stripe, "a California-based company," that is enough to create personal jurisdiction over Shopify Payments in California. Payments Opp. 7. But Shopify Payments' contract with Stripe does not satisfy either prerequisite of specific jurisdiction.[1]

---

[1] The Oppositions largely abandon the argument, advanced in the SAC, that Shopify Payments is subject to personal jurisdiction by virtue of contracts it entered into with California-based merchants. *See* Shopify Payments Opp. 7-8 (mentioning merchant contracts only in the passing statement that "Plaintiff alleges that Shopify Payments entered into multiple contracts with California third-parties, including Stripe and California merchants for whom it sold its services"). And for good reason. As Shopify Payments' MTD points out—and the Oppositions concede—the relevant "contract" described and quoted in the SAC "was not in effect at the time of [sic] Plaintiff made his purchase." Payments Opp. 3, n.1. As with many of other of the pleading defects, this one was pointed out to Plaintiff before Shopify Payments filed its motion to dismiss, in hopes that the SAC would cure the error and thus obviate unnecessary briefing. But Plaintiff refused, and insisted on pressing ahead with incorrect allegations.

As to purposeful direction, Shopify Payments' MTD explained that an "allegation that defendant entered into a contract with a California resident," in this case Stripe and the merchants, is insufficient to show that the defendant "purposefully direct[ed] activities at California." *Mohazzabi v. Mohazzebi*, 2019 WL 6493969, at *4 (N.D. Cal. 2019). The Oppositions' sole response is that that rule applies only to contracts the defendant enters into "with the *plaintiff*"; i.e., the contract with Stripe and any California-based merchants still "counts." *See* Payments Opp. 7. But the caselaw cited in Shopify Payments MTD—and ignored by Plaintiff—holds otherwise. In *Speidel v. Markota*, for instance, the defendant was alleged to have contracted to "order[] merchandise from a Los Angeles-based printing company and another nonparty," neither of whom was the plaintiff. 2021 WL 3463895, at *4 (C.D. Cal. 2021), *cited at* Shopify Payments MTD at 13. Yet the court, citing the rule that "contract[ing] with [a] forum resident" is not sufficient to show that the "defendant expressly aimed acts at [the] forum state," held that the order contract "d[id] not fulfill the express aiming prong of the purposeful direction test." *Id.* (citing *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, 2019 WL 4058971, (W.D. Wash. 2019)). Applying *Speidel* here thus compels the same result: That Shopify Payments contracted with a company that happened to be located in California does not establish that Shopify Payments expressly aimed acts at California.

Additionally, as to the "arising out of" prong, Shopify Payments' MTD explained that a non-contract claim "arises out of" a contract only if the act complained of is something the defendant "is required to do under the [contract]." *Lisa McConnell, Inc. v. Idearc, Inc.*, 2010 WL 364172, at *6 (S.D. Cal. 2010). The Oppositions do not dispute that *Lisa McConnell* holds as

---

While the Oppositions insist in a footnote that this error "does not" "defeat[] Plaintiff's claims," they cite nothing in support of that assertion—and do not even attempt to engage with the rule that "for "specific jurisdiction," "[c]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). Moreover, for the reasons explained in Shopify Payments' MTD (at 11)—and not addressed by the Oppositions—that contract does not reflect either that Shopify Payments purposefully directed acts at California (since it involved only nationwide terms that were not customized for merchants in California in any way distinct from merchants in any other state) or that Plaintiffs' claims arise out of that contract (since the "contract" at issue was really Terms of Service between Shopify Payments and *merchants*, not merchants' customers like Plaintiff). *See* Payments MTD 11-12; *see also* Bressack Decl. ¶¶ 8-10.

much, nor do they dispute that that standard is not met here. *See* Payments Opp. 9. Instead, their sole argument is that *Lisa McConnell* was wrongly decided, as it conflicts with the rule "that a claim 'arises out' of forum-related activities where the plaintiff 'would not have suffered an injury but for [the Defendant's] forum related conduct.'" *Id.* (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir. 2001)). But that misrepresents both *Lisa McConnell* and *Myers*.

Contrary to the Oppositions, *Lisa McConnell* did not disregard the "but for" standard, but applied it. In fact, *Lisa McConnell* began by acknowledging that "[t]he Ninth Circuit employs a 'but for' standard in analyzing whether a cause of action arises from forum-related contacts," and quoting a lengthy exegesis on that standard from the Ninth Circuit. 2010 WL 364172, at *6 (quoting *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir.1990)). It then went on to explain that when the plaintiff's theory of jurisdiction involves a tort claim that supposedly arises out of a contract, the requisite "but for" causation is satisfied only if "the agreement requires" the Defendant to either directly commit the tort or to take some action that "brings the parties within tortious striking distance of one another," *id.*—neither of which Plaintiff argues occurred here. Accordingly, nothing in *Lisa McConnell* (or Shopify Payments' MTD) is inconsistent with the "but for" rule of causation articulated in *Myers*. *See also* Shopify Payments MTD 13 (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) for the proposition that "a claim 'arises out of' a contact only if it would not have occurred 'but for' the contact").[2]

Nor is anything in *Myers* inconsistent with the rule in *Lisa McConnell*. Indeed, it is not even clear that jurisdiction in *Myers* was predicated on a contract at all (it involved unlawful requests of credit reports by "order form[]" or "oral communication," 238 F.3d at 1071), making it a curious choice for the Oppositions to rely on as their sole authority for an argument about what is required for a contract to support jurisdiction. In any event, even if the unlawful request of the credit report in *Myers* had been accomplished by contract, the result in that case would perfectly

[2] *Lisa McConnell* is far from the only case holding that specific jurisdiction must be based on acts *required* by a contract, not those merely that could be said to have occurred incidentally as "a consequence of [a] contract." *See, e.g.*, *Life Bliss Found. v. Sun TV Network Ltd.*, 2014 WL 12589657, at *11 (C.D. Cal. 2014) (locating this analysis under the "purposeful direction" prong, rather than the "arising out of" prong, but reaching the same result).

square with *Lisa McConnell*'s standard: because the requests would have directed the credit reports to be provided to one whom lacked lawful access, "the agreement [would have] require[d]" exactly the action that constituted the relevant tort, *see Lisa McConnell*, 2010 WL 364172, at *6.

All of the relevant caselaw cited in Shopify Payments' MTD and Plaintiff's Oppositions is thus consistent, and points to the same conclusions—Shopify Payments' contract with Stripe satisfies neither of the prerequisites for specific jurisdiction.

3. *There is no basis for granting jurisdictional discovery.*

In a footnote, Plaintiff asks (in a request identical to the one he drops in his briefs as to Shopify Inc. and Shopify USA) that if this Court "determine[s] a more satisfactory showing of facts is necessary" that he be allowed to take jurisdictional discovery from Shopify Payments. Payments Opp. 10, n.6. But for all the same reasons given in Shopify Inc.'s MTD § I.B.3, that request should be denied as futile. Indeed, the Oppositions do not identify even a single jurisdictional fact that is supposedly in dispute that would make a material difference to the existence of specific jurisdiction over Shopify Payments. Nor, as with Shopify Inc. and Shopify USA, do the Oppositions offer even a hint of an argument for how the facts they hope to uncover in jurisdictional discovery would change any of the above analysis. Accordingly, such discovery is unwarranted and the Oppositions' request should be denied.

**C. The SAC Fails To State A Claim Against Shopify Payments.**

1. *The SAC's allegations regarding consent should be disregarded.*

As explained in Shopify Inc.'s MTD Reply § I.C.1, the SAC's allegation—not contained in the original Complaint—that "on information and belief," IABMFG "modified its website" "after Plaintiff's transactions with IABMFG" should be disregarded, as it is wholly unsupported. And the rest of the arguments that the Oppositions raise in an attempt to evade the IABMFG Privacy Policy are pure makeweight. Most simply regurgitate the same arguments made as to Shopify Inc., and so fail for the same reasons. See Shopify Inc. MTD Reply § I.C.1.

And the only argument on consent that the Oppositions make specific to Shopify Payments—that "none of the[] [privacy policies] even mention Shopify Payments"—undermines, rather than bolsters, the plausibility of Plaintiff's claims. As Shopify USA's MTD Reply explained

(at 7-8), there is "obvious alternative explanation," *see Iqbal*, 556 U.S. at 682, for why the IABMFG Privacy Policy discloses only Shopify Inc. as performing various tasks: that it is Shopify Inc. that performs them. The SAC includes no specific factual allegations to the contrary, but instead tries to treat this lack of reference to Shopify USA and Shopify Payments as reason to get discovery into both of those companies. For the reasons given in Shopify USA's MTD Reply, this gets the logic exactly backwards. *See* Shopify USA MTD Reply 7-8. Plaintiff's consent defeats every claim in the SAC.

2. *The SAC fails to state an eavesdropping claim under Penal Code Section 631(a).*

a. <u>The SAC fails to state a claim under either clause of Section 631(a), because it fails to plead facts showing that Shopify Inc. was a third party to Plaintiff's communications.</u>

For the reasons given in Shopify Inc.'s MTD Reply § I.C.2.a, the Oppositions fail to rebut the arguments made in Shopify Inc.'s MTD and Shopify Payments' MTD showing that Shopify Payments acted merely as an "extension" of IABMFG, and thus not as a third party that can be held liable under Section 631(a).

b. <u>The SAC fails to allege a violation of Section 631(a)'s first clause, because it fails to allege a wiretap of a telephone line.</u>

The Oppositions concede that the SAC does not state a claim under Section 631(a)'s first clause, *see* Inc. Opp. 19, n.7, so those portions of the SAC, *see, e.g.*, SAC ¶ 84, must be dismissed.

c. <u>The SAC fails to allege a violation of Section 631(a)'s second clause because it fails to plead facts showing that Shopify Payments read the "contents" of any message.</u>

For the reasons given in Shopify Inc.'s MTD Reply § I.C.2.c, the Oppositions fail to distinguish the cases cited in Shopify Inc.'s MTD and Shopify Payments' MTD showing that the information alleged to be at issue here does not constitute the "contents" of a message, and thus cannot give rise to a claim under Section 631(a)'s second clause.

3. *The SAC fails to state a claim under Penal Code Section 635.*

a. The Section 635 claim fails because code is not a "device" within the meaning of the California Invasion of Privacy Act.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.3.a, the Oppositions fail to show that the software code alleged in the SAC constitutes a "device" within the meaning of Section 635, and so fail to demonstrate that Section 635 applies. For this reason alone, the SAC's claim under Section 635 must be dismissed.

b. The Section 635 claim fails because the SAC fails to allege facts showing that Shopify Payments manufactured code that was "primarily or exclusively designed" for eavesdropping.

For the reasons given in Shopify Inc.'s MTD Reply § I.C.3.c, the Oppositions fail to show that the software code alleged in the SAC was designed "primarily or exclusively" for eavesdropping within the meaning of Section 635, and so fail to demonstrate that Section 635 applies. For this independent reason, the SAC's claim under Section 635 must be dismissed.

4. *The SAC fails to state a claim for invasion of privacy and intrusion upon seclusion because it does not allege facts showing that Shopify Payments. committed an "egregious" or "highly offensive" privacy intrusion.*

For the reasons given in Shopify Inc.'s MTD Reply § I.C.4, the Oppositions fail to show that the conduct alleged in the SAC constitutes an "egregious" or "highly offensive" privacy intrusion, as opposed to routine commercial behavior, and so fails to state a claim for invasion of privacy or intrusion upon seclusion.

5. *The SAC fails to state a Penal Code Section 502 claim, because it fails to allege facts showing that Shopify Payments accessed Plaintiff's iPhone "without permission."*

For the reasons given in Shopify USA's MTD Reply § I.C.5, the Oppositions fail to show that the SAC alleges facts showing that Shopify Payments overcame a technical or code-based barrier to access Plaintiff's device, and hence that Shopify Payments. acted "without permission" as defined in (and required under) Section 502. Accordingly, the SAC's claim under this statute must be dismissed.

6. *The SAC fails to state a claim under the UCL.*

For the reasons given in Shopify USA's MTD Reply §§ I.C.6.a-I.C.6.c, the Oppositions fail to show that the SAC alleges facts required to state a claim for an "unlawful," "fraudulent," or "unfair" practice under the UCL. Accordingly, that claim must be dismissed.

## II. CONCLUSION

Shopify Payments respectfully requests that the Court dismiss the SAC.

Dated: April 6, 2022

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH
THOMAS FU
Attorneys for Defendants
Shopify Payments (USA) Inc., Shopify Inc., and Shopify (USA) Inc.