COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY M. LIN (321472)
(tiffany.lin@cooley.com)
3 Embarcadero Center, 20th
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendants
Shopify Inc.; Shopify (USA) Inc.; and Shopify Payments (USA) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BRANDON BRISKIN, on behalf of himself and those similarly situated,

Plaintiff,

v.

SHOPIFY INC.; SHOPIFY (USA) INC.; and SHOPIFY PAYMENTS (USA) INC.,

Defendants.

Case No. 21-cv-06269-PJH

**RENEWED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS SHOPIFY INC.; SHOPIFY (USA) INC.; AND SHOPIFY PAYMENTS (USA) INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Date: July 16, 2026
Time: 1:30 p.m.
Location: Courtroom 3, 3rd Floor
1301 Clay Street
Oakland, California
Judge: Hon. Phyllis J. Hamilton

Date Action Filed: August 13, 2021

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201(b), Defendants Shopify Inc., Shopify (USA) Inc., and Shopify Payments (USA) Inc. (collectively, "Shopify" or "Defendants") respectfully renew their request that the Court deem as incorporated by reference and/or take judicial notice, as appropriate, of **Exhibits A and B** attached to the accompanying Declaration of Tiffany Lin (the "Lin Declaration") filed in Support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (the "Motion").

I. **Exhibit A:** I Am Becoming's ("IABMFG") Privacy Policy, effective date October 19, 2020, as saved on Wayback Machine on January 25, 2021, https://web.archive.org/web/20210125005617/https://www.iambecoming.com/pages/legal.

II. **Exhibit B:** Shopify's Privacy Policy, effective date March 15, 2019, as saved on Wayback Machine on June 19, 2021, https://web.archive.org/web/20190619102351/https://www.shopify.com/legal/privacy.

Shopify previously submitted a Request for Judicial Notice ("RJN") and attached the aforementioned Exhibits A and B in support of Shopify's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* Dkt. 84-2 (RJN), 84-4 (Exhibit A), and 84-5 (Exhibit B). Plaintiff did not substantively oppose the RJN in his opposition papers. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. 88 at 15 n.6 (conceding that "the Court may take judicial notice of the existence of the policy," but stating that the Court "cannot take judicial notice of Shopify's intent[.]"). For ease of reading, and because Shopify's prior RJN has not been ruled on, Shopify submits this renewed request for the Court to deem as incorporated by reference, and/or take judicial notice, of Exhibits A and B attached to the accompanying Lin Declaration. The exhibits have only been re-formatted (magnified) for ease of reading.

## ARGUMENT

Shopify respectfully requests that the Court consider Exhibits A and B to the Declaration of Tiffany Lin in support of Shopify's concurrently filed Motion to Dismiss Plaintiff's Third Amended Complaint (the "TAC"). As explained below, these exhibits—which consist of archived

privacy policies referenced and/or put squarely at issue in the TAC—are not subject to reasonable dispute and are each subject to judicial notice and/or incorporation by reference.

The gravamen of Plaintiff's TAC is that Shopify improperly collected information he provided to an online fitness apparel merchant called I Am Becoming ("IABMFG"). "Shopify is an ecommerce platform that enables merchants to easily sell products online." TAC ¶ 1. One of those merchants is IABMFG. *Id.* Plaintiff contends that Shopify provides instructions to merchants who wish to remove Shopify branding from their websites. *Id.* As a result, when users believe they are transmitting payment information to the merchant, they are allegedly unaware that Shopify is also receiving it. *Id.* ¶ 2. Key to Plaintiff's allegations is his contention that the IABMFG webpage (at least initially) did not mention Shopify, nor did its privacy policy—which was linked on "nearly every page on the IABMFG website[.]" *Id.* ¶ 73. On the basis of these allegations, Plaintiff asserts five common law and statutory claims against Shopify.

This renewed Request for Judicial Notice supplies the documents referenced in the TAC: Shopify's privacy policy setting its requirements for merchants and the IABMFG privacy policy. Shopify's policy refutes the TAC's bare assertions that Shopify intended to obtain Plaintiff's data without his knowledge or consent.[1] Further, the IABMFG privacy policy illustrates that its use of third-party vendors like Shopify was fully disclosed at the time Plaintiff's counsel claims to have investigated IABMFG's data sharing practices. The TAC's discussion of these documents renders them incorporated by reference, and they are judicially noticeable in any event. The Court should consider these documents in connection with Shopify's motion to dismiss.

Courts may consider external documents under the "incorporation by reference" doctrine where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The incorporation by reference doctrine treats certain documents as part of the complaint itself and prevents plaintiffs from

---

[1] Indeed, as part of his new allegations, Plaintiff acknowledges the existence of Shopify's Privacy Policy. TAC ¶ 66 (alleging that Shopify's "own privacy policy" has "boilerplate language").

selecting only portions of the document that support their claims while omitting the portions of the "very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (full text of documents referenced in complaint may be considered alongside the complaint); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837–38 (N.D. Cal. 2000) ("[T]he court may consider the full text of a document the complaint quotes only in part[.]"). The incorporation by reference doctrine "applies with equal force to internet pages as it does to printed material." *Knievel*, 393 F.3d at 1076.

Distinct from the doctrine of incorporation by reference, courts can consider materials beyond those alleged on the face of the complaint when they are "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off.*, No. 14-CV-01117, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules).

Judicial notice of websites and their contents is proper if the requesting party provides the court with a copy of the specific web pages. *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (a court may take judicial notice of "publicly accessible websites whose accuracy and authenticity is not subject to dispute"). Further, it is "common for courts to take judicial notice of a company's historical privacy policies." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of three versions of Facebook's data policy which were in effect during the time period covered by plaintiffs' allegations); *see also Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (archived versions of privacy policies as well as Google's website were proper subjects of judicial notice). Web pages available through the Internet Archive's "Wayback Machine" are considered "facts that can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015).

### A. The Third Amended Complaint Incorporates the Documents

The TAC discusses the contents of IABMFG's privacy policy, alleging in particular that it (at some unspecified time) failed to disclose that IABMFG may share user data with third parties like Shopify. *See* TAC ¶ 73. According to Plaintiff, this non-disclosure results from Shopify's purported failure to require merchants to disclose Shopify's role in the transaction, instructing them instead to conceal Shopify's involvement. *See id.* ¶¶ 7, 14–15, 64. The TAC also discusses the contents of Shopify's privacy policy, alleging in particular that it contains "some boilerplate language" that "Shopify intentionally did not enforce." *Id.* ¶ 66.

The TAC therefore incorporates by reference the IABMFG privacy policy and Shopify's requirements for merchants, set forth in relevant part in Shopify's privacy policy.

**Exhibit A** is a true and correct copy of I Am Becoming's ("IABMFG") Privacy Policy as captured on the Wayback Machine on January 25, 2021 with an effective date of October 19, 2020. This version of IABMFG's Privacy Policy was effective at the time Plaintiff claims his counsel investigated the data transmitted to Shopify through the IABMFG website. *See id.* ¶ 34. Plaintiff asserts that, while the policy was linked on "nearly every page" of the IABMFG website, it did not, at least initially, disclose Shopify's alleged involvement in his purchase of apparel. *See id.* ¶¶ 24–34, 73. This alleged nondisclosure provides the basis for Plaintiff's assertions that he neither knew of nor consented to Shopify's receipt of data, which rendered it an "egregious breach of social norms." *See, e.g.*, *id.* ¶ 108. As this privacy policy underlies Plaintiff's claims, the Court may consider this document in connection with Shopify's motion to dismiss. *Id.* ¶¶ 73, 24–34.

**Exhibit B** is Shopify's Privacy Policy effective March 15, 2019. This policy was in effect when Plaintiff made his purchase on the IABMFG website. The TAC alleges that Shopify's Privacy Policy includes "some boilerplate language," and that "Shopify intentionally did not enforce the boilerplate language in its privacy policy." TAC ¶ 66. Instead, according to Plaintiff,

Shopify allegedly instructs merchants on how to remove Shopify branding from their websites in a "deliberate[]" effort to "hide" its role. *Id.* ¶¶ 59, 63. Plaintiff leverages this alleged "concealment" to support his allegations that he had no knowledge of and never consented to Shopify's data collection, and that Shopify "intentionally" invaded his privacy. *See, e.g.*, *id.* ¶¶ 59, 61, 97, 100. By discussing and characterizing Shopify's agreements with and instructions to merchants, Plaintiff has incorporated Shopify's policy by reference into his TAC.

Where, as here, an important document is "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Id.* (internal quotations and citation omitted). Courts routinely find privacy policies and similar documents incorporated by reference in these circumstances. *See, e.g.*, *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1080 (N.D. Cal. 2022) (incorporating by reference Google's privacy policy where plaintiffs cited to it extensively and it formed the basis for plaintiffs' claims); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 834 n.27 (N.D. Cal. 2021) (considering Noom's privacy policy under the incorporation by reference doctrine where defendants alleged it disclosed the possibility of data collection and analysis). The Court should do the same here.

**B. The Court May Take Judicial Notice of IABMFG and Shopify's Policies.**

Even if not incorporated by reference, the Court may still take judicial notice of Exhibits A and B. As publicly available web pages, these exhibits are the proper subjects of judicial notice. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *Chan v. ArcSoft, Inc.*, No. 19-CV-05836, 2021 WL 12103025, at *4 (N.D. Cal. Sept. 28, 2021) ("Generally, websites and their contents are proper subjects for judicial notice."). Specifically, "they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d at 1010; *In re Orshan v.*

*Apple Inc.*, No. 5:14-cv-05659, 2018 WL 1510202, at *3 (N.D. Cal. 2018) (taking judicial notice of web pages hosted by the defendant).

Further, courts routinely take judicial notice of documents archived through the Wayback Machine, finding that their accuracy cannot be disputed. *See Erickson*, 2015 WL 4089849, at *1 (there is no dispute as to accuracy for publicly accessible documents archived through the "Wayback Machine"); *Keller v. Chegg, Inc.*, No. 22-CV-06986, 2023 WL 5279649, at *2 (N.D. Cal. Aug. 15, 2023) ("Judicial notice is granted because the [Terms of Use] are publicly available on [Defendant]'s website or through the Internet Archive's Wayback Machine"); *Tromble v. W. Digital Corp.*, No. 4:20-CV-08102-YGR, 2021 WL 2165796, at *1 (N.D. Cal. May 27, 2021) (taking judicial notice of "Wayback Machine" archived web pages); *Stemmelin v. Matterport, Inc.*, No. C 20-04168, 2022 WL 783206, at *6 (N.D. Cal. Mar. 14, 2022) (same). Accordingly, judicial notice is proper with respect to these materials.

**CONCLUSION**

For the reasons stated above, the Court should consider Exhibits A and B to the accompanying Lin Declaration when ruling on Shopify's Motion to Dismiss.

Dated: March 25, 2026

COOLEY LLP

By: */s/ Benedict Hur*
Benedict Hur

Attorneys for Defendants
Shopify Inc.; Shopify (USA) Inc.; and Shopify Payments (USA) Inc.