COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
TIFFANY M. LIN (321472)
(tiffany.lin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendants
Shopify Inc.; Shopify (USA) Inc.; and Shopify Payments (USA) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON BRISKIN, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY INC.; SHOPIFY (USA) INC.; and SHOPIFY PAYMENTS (USA) INC.,<br><br>Defendants. | Case No. 21-cv-06269-PJH<br><br>**SHOPIFY INC.; SHOPIFY (USA) INC.; AND SHOPIFY PAYMENTS (USA) INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date Action Filed: August 13, 2021 |

Defendants Shopify Inc., Shopify (USA) Inc., and Shopify Payments (USA) Inc. (collectively, "Shopify") hereby answer Plaintiff's Third Amended Complaint ("TAC") filed on February 18, 2026, by Plaintiff Brandon Briskin ("Plaintiff"), according to its numbered paragraphs as follows below. Except as expressly admitted herein, Shopify denies all allegations in the TAC. Any admission is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[1]

## Introduction

1. Shopify admits that it offers an e-commerce platform that provides services to third party merchants, such as IABMFG, to support their websites and mobile applications. Shopify admits that its platform allows merchants to integrate Shopify's payment forms into their websites and applications. Shopify admits that it provides documentation to its merchant customers. Shopify lacks sufficient information to admit or deny the remaining allegations in Paragraph 1 and its footnote, and on that basis denies them.

2. Shopify admits that it facilitates transactions on merchants' websites that use Shopify software. Shopify admits that it creates payment forms for merchant websites to use on their websites. Shopify admits that information collected by merchants on payment forms may include information such as a consumer's name, address, telephone number, email address, and credit card information. Shopify denies that it intercepts this information. Otherwise, denied.

3. Shopify admits that it may obtain user information from merchant websites that utilize Shopify's software, which may include IP addresses, hardware details, browser information, operating system information, and items purchased. Otherwise, denied.

4. Paragraph 4 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, denied.

5. Paragraph 5 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify admits that merchants may

[1] Shopify interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Shopify therefore does not provide a specific response to the headers. To the extent a response is required, Shopify denies any allegations contained therein. The various headings in the TAC are reproduced herein solely for convenience.

obtain consumer information from their websites that utilize Shopify's software. Otherwise, denied.

6. Paragraph 6 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify admits that, under certain circumstances, it may use user information for purposes other than payment processing. Otherwise, denied.

7. Paragraph 7 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, denied.

**Parties**

8. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 8, and on that basis denies them.

9. Admitted.

10. Shopify admits that it enters into agreements with merchants who choose to use Shopify's services on their websites, including merchants with California addresses. Shopify admits that its customers include Kylie Cosmetics, Fashion Nova, and Allbirds, Inc. Shopify lacks sufficient information to admit or deny the remaining allegations in Paragraph 10, and on that basis denies them.

11. Shopify admits that in 2018, its Chief Operating Officer was Harvey Finkelstein; that it publicly reported that it opened a physical store located in Los Angeles, California; and that it publicly reported that Harvey Finkelstein remarked that, "With Shopify LA we wanted to create a hub where business owners can find support, inspiration, and community."

12. Shopify admits that in 2018, it publicly reported that it had 80,000 merchants in California, that it had 10,000 merchants in Los Angeles, that it had over 400 merchants in the Los Angeles area who had over $1 million in gross merchandise volume, and that Satish Kanwar, a vice president at Shopify in 2018, stated that "[i]t made sense for us to debut in the Los Angeles market as the region is one of our densest in customer base." Otherwise, denied.

13. Shopify admits that third-party applications that offer logistics services are available to Shopify merchants. Otherwise, denied.

14. Shopify admits that Shopify (USA) Inc. is a Delaware company with its principal

place of business in New York, that it is registered to do business in California, that it had a domestic office in San Francisco, California, and that Shopify Inc. designates Shopify (USA) Inc. as a subprocessor of user data. Otherwise, denied.

15. Shopify admits Shopify Payments (USA) Inc. is a Delaware company with its principal place of business in New York, and that it contracts with third party merchants for the provision of its services. Shopify admits that in order to obtain services from Shopify Payments (USA) Inc., merchants may have to contract with Shopify Payments (USA) Inc. Shopify admits that contracts between merchants and Shopify Payments (USA) Inc. may discuss what services are provided, and may include discussion of third parties. Shopify admits that Shopify Payments (USA) Inc. contracts with thousands of California merchants. Otherwise, denied.

16. Paragraph 16 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify admits that Shopify Payments (USA) Inc. has contracted with Stripe to conduct payment processing services. Otherwise, denied.

17. Paragraph 17 contains legal conclusions, characterizations, or arguments, to which no response is required. Shopify lacks sufficient information to admit or deny the allegations concerning Stripe, a third party, and on that basis denies them. To the extent a response is required, denied.

18. Paragraph 18 contains characterizations to which no response is required.

**Jurisdiction and Venue**

19. Paragraph 19 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations in paragraph 19, except Shopify admits that Plaintiff filed this case as a putative class action.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify admits that it has conducted business within the state of California. Otherwise, denied.

22. Paragraph 22 contains a legal conclusion to which no response is required.

23. Paragraph 23 contains legal conclusions to which no response is required.

**Substantive Allegations**

24. Shopify admits that it is an e-commerce platform that helps facilitate the ability of merchants to sell products online. Shopify states that the webpage referred to and cited to by Paragraph 24 and its footnote speaks for itself, and therefore no response is required. Shopify admits that merchants may use Shopify to list their product offerings, prices, and other aspects of their business. Shopify admits that some of its merchants host their websites through Shopify, and that Shopify offers software that allows merchants to implement features such as product catalogs and payment forms. Shopify admits that merchants may choose to embed payment forms into their Shopify websites. Otherwise, denied.

25. Shopify admits that it contracts with third-party merchants to provide services to merchants. Otherwise, denied.

26. Denied.

27. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 27 and on that basis denies them.

28. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 28 and on that basis denies them.

29. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 29 and on that basis denies them.

30. Shopify denies that "only a person with technical knowledge and special software tools could determine that the payment forms are generated by Shopify." Shopify lacks sufficient information to admit or deny the remaining allegations in Paragraph 30 and on that basis denies them.

31. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 31 and on that basis denies them.

32. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 32 and on that basis denies them.

33. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 33 and on that basis denies them.

34. Shopify admits that it contracts with third-party merchants to provide software that merchants can choose to incorporate into their websites. Shopify lacks sufficient information to admit or deny the remaining allegations in Paragraph 34 and on that basis denies them.

35. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 35 and on that basis denies them.

36. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 36 and on that basis denies them.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Shopify states that any publicly available information or documents referenced in Paragraph 44 speak for themselves, and to which no response is required. Otherwise, denied.

45. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 45 and on that basis denies them.

46. Shopify admits that it provides services to third-party merchants which, with appropriate disclosure and consent, may store user contact information and/or send notifications to users. Shopify lacks sufficient information as to whether Plaintiff or potential Class members incur charges for incoming messages, and on that basis, denies that allegation. Otherwise, denied.

47. Shopify admits that, as part of its services for third-party merchants, it may send confirmation emails to users. Otherwise, denied.

48. Shopify admits that, as part of its services for third-party merchants, it may send confirmation emails to users. Otherwise, denied.

49. Shopify admits that it may, under certain circumstances, receive information from users on merchant websites through the use of cookies or other technologies. Otherwise, denied.

50. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 50 and on that basis denies them.

51. Shopify admits that it may, under certain circumstances, receive information from users on merchant websites through the use of cookies or other technologies. Otherwise, denied.

52. Shopify admits that, under certain circumstances, it may store user information. Otherwise, denied.

53. Shopify admits that it may use collected user information to protect against fraud and abuse. Otherwise, denied.

54. Shopify admits that it may use collected user information to protect against fraud and abuse. Shopify admits that merchants may view information related to transactions for their own store. Otherwise, denied.

55. Denied.

56. Shopify admits that it provides merchants with filter tools for IP addresses and orders with "high" risk scores. Shopify admits that a declined credit card payment may impact a consumer's ability to make future transactions. Shopify admits that it may use collected user information to protect against fraud and abuse. Shopify lacks sufficient information as to the state of mind of consumers whose orders are filtered, and thus denies related allegations on that basis. Otherwise, denied.

57. Shopify lacks sufficient information as to the operations of Stripe and unnamed third parties, and thus denies related allegations on that basis. Otherwise, denied.

58. Shopify admits that it has a contract with MaxMind related to fraud detection services. Shopify lacks sufficient information to admit or deny the remaining allegations in Paragraph 58, and thus denies related allegations on that basis.

59. Denied.

60. Denied.

61. Shopify states that the webpages referred to and cited to by Paragraph 61 speak for themselves, and therefore no response is required. Otherwise, denied.

62. Denied.

63. Denied.

64. Shopify states that the webpage referred to and cited to by Paragraph 64 speaks for itself, and therefore no response is required. Otherwise, denied.

65. Denied.

66. Denied.

67. Shopify states that in 2019, it had over one million merchants on its platform, and that currently there are millions of Shopify stores. Otherwise, denied.

68. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 68 and on that basis denies them.

69. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 69 and on that basis denies them.

70. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 70 and on that basis denies them.

71. Denied.

72. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 72 and on that basis denies them.

73. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 73 and on that basis denies them.

74. Denied.

75. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 75 and on that basis denies them.

76. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 76 and on that basis denies them.

77. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 77 and on that basis denies them.

78. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 78 and on that basis denies them.

79. Shopify lacks sufficient information to admit or deny the allegations in Paragraph

79 and on that basis denies them.

**Class Allegations**

80. Shopify admits that Plaintiff brings this case as a putative class action.

81. Paragraph 81 sets forth Plaintiff's proposed class definition and does not require a response. To the extent a response is required, Shopify admits that Plaintiff brings this case as a putative class action, but otherwise denies that a class should be certified in this action.

82. Paragraph 82 contains a legal conclusion, to which no response is required. To the extent a response is required, Shopify denies the allegation.

83. Paragraph 83 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegations.

84. Paragraph 84 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegations.

85. Paragraph 85 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegations.

86. Paragraph 86 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegations.

87. Paragraph 87 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegations.

88. Paragraph 88 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify denies the allegation.

**CAUSES OF ACTION**

**First Cause of Action**

**Violation of the California Invasion of Privacy Act,**
**California Penal Code § 631**
**(On Behalf of Plaintiff and the Class)**

89. Shopify incorporates by reference its responses in the preceding paragraphs of this Answer.

90. Paragraph 90 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify states that the statute cited in

Paragraph 90 speaks for itself. Shopify otherwise denies the allegations.

91. Paragraph 91 contains legal conclusions, to which no response is required. To the extent a response is required, Shopify states that the statute cited in Paragraph 91 speaks for itself; Shopify otherwise denies the allegations.

92. Paragraph 92 contains a legal conclusion, to which no response is required. To the extent a response is required, Shopify denies the allegation.

93. Paragraph 93 contains a legal conclusion, to which no response is required. To the extent a response is required, Shopify denies the allegations.

94. Paragraph 94 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

95. Paragraph 95 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

96. Paragraph 96 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

97. Paragraph 97 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

98. Paragraph 98 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

99. Paragraph 99 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

100. Paragraph 100 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

101. Paragraph 101 sets forth the relief Plaintiff seeks and does not require a response. To the extent a response is required, Shopify denies the allegations.

**Second Cause of Action**

**Invasion of Privacy Under California's Constitution**
**(On Behalf of Plaintiff and the Class)**

102. Shopify incorporates by reference its responses in the preceding paragraphs of this

Answer.

103. Paragraph 103 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

104. Paragraph 104 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

105. Paragraph 105 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

106. Paragraph 106 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

107. Paragraph 107 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 107 as they pertain to other parties, and on that basis denies them.

108. Paragraph 108 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

109. Paragraph 109 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

110. Paragraph 110 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

111. Paragraph 111 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations and denies that Plaintiff and class members are entitled to relief.

**Third Cause of Action Intrusion Upon Seclusion**

**(On Behalf of Plaintiff and the Class)**

112. Shopify incorporates by reference its responses in the preceding paragraphs of this Answer.

113. Paragraph 113 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

114. Paragraph 114 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

115. Paragraph 115 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

116. Paragraph 116 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

117. Paragraph 117 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

118. Paragraph 118 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations. Shopify lacks sufficient information to admit or deny the allegations in Paragraph 118 as they pertain to other parties, and on that basis denies them.

119. Paragraph 119 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

120. Paragraph 120 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

121. Paragraph 121 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

122. Paragraph 122 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations and denies that Plaintiff and class members are entitled to relief.

123. Paragraph 123 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations and denies that Plaintiff and class members are entitled to relief.

## Fourth Cause of Action

### Violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502 (On Behalf of Plaintiff and the Class)

124. Shopify incorporates by reference its responses in the preceding paragraphs of this

Answer.

125. Paragraph 125 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify states that the statute cited in Paragraph 125 speaks for itself. Shopify otherwise denies the allegations.

126. Paragraph 126 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegation.

127. Paragraph 127 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

128. Paragraph 128 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

129. Paragraph 129 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

130. Paragraph 130 sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

131. Paragraph 131 sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

132. Paragraph 132 sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

## <u>Fifth Cause of Action</u>

**Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (On Behalf of Plaintiff and the Class)**

133. Shopify incorporates by reference its responses in the preceding paragraphs of this Answer.

134. Paragraph 134 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify admits that it qualifies as a

"person" under Cal. Bus. & Prof. Code § 17201.

135. Paragraph 135 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

136. Paragraph 136 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

137. Paragraph 137 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

138. Paragraph 138 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

139. Paragraph 139 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

140. Paragraph 140 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

141. Paragraph 141 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

142. Paragraph 142 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

143. Paragraph 143 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

144. Paragraph 144 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

145. Paragraph 145 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Shopify denies the allegations.

146. Paragraph 146 contains legal conclusions, characterizations, or arguments, and sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

147. Paragraph 147 contains legal conclusions, characterizations, or arguments, and sets

forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

148. Paragraph 148 sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

149. Paragraph 149 contains legal conclusions, characterizations, or arguments, and sets forth the relief that Plaintiff and putative class members seek, to which no response is required. To the extent a response is required, Shopify denies the allegations and that Plaintiff and putative class members are entitled to relief.

## ANSWER TO PRAYER FOR RELIEF

Shopify denies that Plaintiff is entitled to any of the requested judgment and relief.

## ANSWER TO JURY TRIAL DEMANDED

Shopify admits that Plaintiff purports to demand a trial by jury of all issues so triable.

## DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, expressly denying any and all wrongdoing, and reserving any and all defenses it may have against Plaintiff and the putative class, Shopify alleges the following defenses:

### FIRST DEFENSE

**(Failure to State a Claim)**

The TAC, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Shopify on which relief may be granted.

### SECOND DEFENSE

**(Statute of Limitations)**

The TAC, and each purported cause of action therein—including each and every member of the putative class's claims—is barred in whole or in part by the applicable statutes of limitations.

**THIRD DEFENSE**

**(Mootness)**

The named Plaintiff's claims, and those of each and every member of the putative class, are barred, in whole or in part, by the doctrine of mootness.

**FOURTH DEFENSE**

**(Privilege/Justification/Excuse)**

The named Plaintiff, and each and every member of the putative class, are barred from recovery because Shopify's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

**FIFTH DEFENSE**

**(Consent – Express or Implied)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, because they expressly or impliedly consented to and/or received disclosures of all of Shopify's complained-of acts and conduct; thus, the TAC, and each purported cause of action therein, is barred.

**SIXTH DEFENSE**

**(Necessary Incident to Rendition of Services)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, because Shopify's actions were a necessary incident to the rendition of services.

**SEVENTH DEFENSE**

**(Unjust Enrichment)**

The named Plaintiff's claims for damages—and each and every member of the putative class's claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

**EIGHTH DEFENSE**

**(Contractual Defenses)**

The named Plaintiff's claims—and each and every member of the putative class's claims—

are barred, in whole or in part, by contracts and/or agreements they entered into with Shopify and/or third parties.

**NINTH DEFENSE**

**(No Standing)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, because they have not suffered injury in fact because of the acts or practices complained of in the TAC.

**TENTH DEFENSE**

**(Failure to Mitigate)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, to the extent discovery reveals they failed to mitigate the damages they suffered.

**ELEVENTH DEFENSE**

**(Adequate Remedy at Law)**

The named Plaintiff, and each and every member of the putative class, are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

**TWELFTH DEFENSE**

**(Statutory and Punitive Damages—Unconstitutional)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the Fifth, Eighth, or Fourteenth Amendments of the United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

**THIRTEENTH DEFENSE**

**(Waiver)**

The named Plaintiff, and each and every member of the putative class, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Shopify.

**FOURTEENTH DEFENSE**

**(Equitable Estoppel)**

The TAC, the claims alleged therein, and the elements of relief sought therein are barred; in whole or in part, including but not limited to the extent that Plaintiff's and the members of the putative classes' own conduct, and no acts or omissions of Shopify, caused Plaintiff's and the members of the putative classes' alleged damages and injuries, and/or because Plaintiff and the members of the putative classes observed, knew, were informed about, read, heard about, understood, and/or came to understand the details of the terms governing the service that they now challenge, yet nevertheless consented to the terms with that knowledge about which they now complain.

**FIFTEENTH DEFENSE**

**(Laches)**

The named Plaintiff, and each and every member of the putative class, are barred from recovery, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

**(Unclean Hands)**

The named Plaintiff, and each and every member of the putative class, are barred from recovery, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

**(No Liability)**

Shopify did not commit the alleged or any wrongful act against Plaintiffs and the members of the putative class and, thus, Shopify is not responsible for any alleged damages to Plaintiffs and the members of the putative class.

**EIGHTEENTH DEFENSE**

**(Lack of Harm or Damages)**

Shopify is informed and believes, and on that basis alleges, that Plaintiffs and the members of the putative class have not suffered any harm or damages as a result of any action taken by Shopify and, as a result, Plaintiffs and the members of the putative class are barred from asserting

any claims against Shopify.

**NINETEENTH DEFENSE**

**(License)**

Shopify had an implied or express license to utilize the information provided by users that is at issue in the Complaint.

**TWENTIETH DEFENSE**

**(Authorization)**

The TAC, and each purported cause of action therein—including each and every member of the putative class's claims—is barred in whole or in part because, at all relevant times, Shopify's alleged conduct was authorized.

**TWENTY-FIRST DEFENSE**

**(Lack of Causation)**

Any damages to which Plaintiff and the members of the putative class may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Shopify, and must be decreased to the extent the acts or omissions of persons and entities other than Shopify, such as Plaintiffs and the members of the putative class, or third parties, were a cause of those damages.

**TWENTY-SECOND DEFENSE**

**(Intervening or Superseding Cause)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, because the damages alleged in the TAC, if any, were caused by persons and entities other than Shopify. Such intervening and superseding conduct of other bars and or diminishes recovery, if any, by Plaintiff and the putative class members against Shopify.

**TWENTY-THIRD DEFENSE**

**(Unauthorized Remedies)**

The TAC and each and every claim alleged therein, are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

**TWENTY-FOURTH DEFENSE**

**(Party to the Communication or Prior Consent)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred to the extent their communications were with Shopify or were communications to which a party to the communication had given consent to its acquisition. See 28 U.S.C. § 2511(2)(d).

**TWENTY-FIFTH DEFENSE**

**(No Reliance)**

The TAC and each and every claim alleged therein, are barred in whole or in part because Plaintiff cannot show they relied on Shopify's alleged misrepresentations and/or omissions.

**TWENTY-SIXTH DEFENSE**

**(No Deception)**

The TAC and each and every claim alleged therein, are barred in whole or in part because Plaintiff cannot show they were deceived by Shopify's alleged misrepresentations and/or omissions.

**TWENTY-SEVENTH DEFENSE**

**(No Duty to Disclose)**

The TAC and each and every claim alleged therein, are barred in whole or in part because Shopify did not intentionally conceal or omit any material fact that it had a duty to disclose to Plaintiff.

**TWENTY-EIGHTH DEFENSE**

**(Knowledge / Awareness of Alleged Deception)**

The TAC and each and every claim alleged therein, are barred in whole or in part because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of the occurrences that form the bases of their claims as alleged in the TAC and were not deceived.

**TWENTY-NINTH DEFENSE**

**(Inapplicability to the Internet)**

Plaintiff's claims—and each and every member of the putative classes' claims—are barred, in whole or in part, to the extent California Penal Code § 631(a) does not apply to the Internet.

**<u>THIRTIETH DEFENSE</u>**

**(CUTSA Supersession)**

Plaintiff's and the members of the putative classes' claims are barred, in whole or in part, because they have been superseded by the California Uniform Trade Secrets Act.

**<u>THIRTY-FIRST DEFENSE</u>**

**(No Standing for Injunctive Relief)**

The named Plaintiff's claims—and each and every member of the putative class's claims—are barred, in whole or in part, because there is no future injury because of the acts or practices complained of in the TAC.

**<u>THIRTY-SECOND DEFENSE</u>**

**(Right to Assert Additional Defenses)**

Shopify reserves the right to amend its answer and/or assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: September 10, 2026

COOLEY LLP

By: /s/ *Benedict Hur*
Benedict Hur

Attorney for Defendants Shopify Inc.; Shopify (USA) Inc.; and Shopify Payments (USA) Inc.